## Michael Poznanski v. John Szczech.

1. APPELLATE COURT PRACTICE—*Failure of an Appellee to File Briefs as Ground for Reversal.*—For a failure by an appellee to file briefs, the Appellate Courts in some of the districts will sometimes reverse judgments. This, however, is done under rules, and there is no such rule in this (the first) district.

2. NEGLIGENCE—*Verdict as to, Sustained.*—A carpenter built a scaffold at the side of a house, but did not brace the supports, and while another carpenter was at work upon it, it fell and he was injured. In a suit to recover damages for the injuries received, it was shown that the fact that the scaffold was not braced was as obvious to the plaintiff as to the defendant; and that both were carpenters, and, presumably, equally capable of judging as to its sufficiency. *Held*, on appeal, that a verdict in favor of the defendant was right on the facts.

3. NEW TRIALS—*On Account of the Inability of a Party to Attend the Trial.*—Where, by a succession of misfortunes, a party was prevented from attending the trial of his case, *it was held*, that if upon a proper showing his testimony would have put a different light upon the facts, he would have been entitled to a new trial, and that no such showing having been made, a new trial was properly refused.

**Trespass on the Case,** for personal injuries. Appeal from the Circuit Court of Cook County; the Hon. CHARLES G. NEELY, Judge, presiding. Heard in this court at the March term, 1897. Affirmed. Opinion filed June 14, 1897.

MORGENSTERN & DICKISON, attorneys for appellant.

No appearance for appellee.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT. From various cases cited by the appellant we infer that for failure by an appellee—as in this case—to file briefs, the Appellate Courts in some of the other districts will

sometimes reverse judgments. This, however, is done under rules, and this court has no such rule.

There is no doubt of the exact ciscumstances under which the appellant sustained injuries for which he sued the appellee. They were both carpenters, and the appellant worked for the appellee. The appellee built a scaffold alongside of a house, the supports of the scaffold not being braced outside of the house. The appellant was at work upon it and it fell with the weight of lumber piled, and of another workman climbing upon it.

The fact that the scaffold was not braced was as obvious to the appellant as to the appellee, and both being carpenters, they were presumptively equally capable of judging as to the sufficiency of it.

The appellant makes no complaint of the instructions, and the verdict was right upon the facts. By a succession of misfortunes the appellant was prevented from attending at the trial, and if his testimony could have put any different face upon the facts, a new trial should have been granted. It is not claimed that his testimony could have had such effect.

The judgment is affirmed.