## John Riordan, Appellee, v. Chicago City Railway Company, Appellant.

### Gen. No. 16,945.

1. STREET RAILROADS—*duty to laborer on track.* A declaration which in substance states that plaintiff was employed in a gang cleaning sewers through manholes which were located in a narrow space between street railway tracks, and was injured by two cars approaching in opposite directions, which were not stopped although signaled to, and that plaintiff's unsafe condition was known to defendant's servants, is sufficient to point out a duty and charge a negligent breach constituting a cause of action.

2. TORTS—*liability.* Liability only follows a negligent or reckless act when the party guilty of the act owes to the party injured some duty which is violated by the commission of the negligent or reckless act.

3. NEGLIGENCE—*elements of cause of action.* In an action on the case the constituent elements of proof required by plaintiff are: (1) That plaintiff was exercising due care for his own safety at and just prior to accident; (2) that defendant was guilty of negligence in the manner charged; (3) that such negligence was the proximate cause of injuries.

4. NEGLIGENCE—*exercise of due care to be alleged.* It is necessary for plaintiff, in order to show a complete cause of action, to aver that he was at the time in the exercise of due care for his own safety.

5. NEGLIGENCE—*pleading exercise of due care.* The phrase "while the plaintiff was exercising ordinary care and caution for his own safety," in a declaration by one injured by street cars while he was working between tracks, *held* under the circumstances alleged to refer to time of approach of cars as well as of the actual passing.

6. PLEADING—*declaration.* The purpose of a declaration is to state the cause of complaint clearly so that defendant will know what he has to meet.

7. PLEADING—*allegation of duty.* The description of a situation may show a duty without the direct allegation of such duty.

8. PLEADING—*declaration must allege facts.* The mere use of an adverb describing an act, such as "negligently," will not of itself make that act actionable.

9. PLEADING—*defects cured by verdict.* Allegations that might not have been regarded specific enough on demurrer may become so after verdict on motion in arrest of judgment.

10. PLEADING—*arrest of judgment.* To justify denial of motion in arrest of judgment, it is only necessary that one count should state a cause of action.

11. INSTRUCTIONS—*preponderance of evidence.* An instruction that the "plaintiff is not bound to prove his case beyond a reasonable doubt, but is merely bound to prove it by a preponderance of the evidence," is less open to objection than instructions concerning the amount of preponderance required.

12. INSTRUCTIONS—*assuming negligence.* Instructing the jury that if they believe from the evidence that plaintiff "was injured as a direct result and in consequence of defendant's negligence, as charged," etc., then they should find defendant guilty, does not assume that the facts charged constituted negligence as matter of law.

13. NEGLIGENCE—*contributory.* There is no specific rule concerning contributory negligence, its existence depends on the particular facts.

14. PRACTICE—*leading questions.* The objection to leading questions largely rests in the discretion of the trial court where not abused.

15. STREET RAILROADS—*contributory negligence.* Where plaintiff, a laborer employed as a member of a sewer cleaning gang, was caught between street cars while between the tracks and injured, it is proper, as bearing on his contributory negligence, to show what orders had been given him by his foreman.

16. STREET RAILROADS—*contributory negligence.* Contributory negligence of a laborer working between street railroad tracks as a member of a sewer cleaning gang *held* a question for the jury in an action for an injury sustained by being caught between passing cars.

Appeal from the Superior Court of Cook county; the Hon. MARCUS KAVANAGH, Judge, presiding. Heard in this court at the October term, 1910. Affirmed. Opinion filed March 24, 1913.

JOHN E. KEHOE and C. LEROY BROWN, for appellant; LEONARD A. BUSBY, of counsel.

JAMES C. McSHANE, for appellee.

MR. JUSTICE BROWN delivered the opinion of the court.

The appellee, John Riordan, on April 16, 1910, recovered in the Superior Court of Cook county on the verdict of a jury a judgment against the appellant, the Chicago City Railway Company, for $3,000 as damages for personal injuries received by him through the alleged negligence of the defendant company. From this judgment the defendant company has appealed to this court. It here assigns as error various matters, insisting in argument on four propositions, which we will discuss in a different order from that chosen by the appellant.

The first question which we think should be determined by us is whether the appellant is correct in asserting that the court below instead of overruling should have sustained the motion in arrest of judgment on the ground that neither of the two counts of the plaintiff's declaration stated a cause of action.

The first count of the declaration alleges that on the 9th day of March, 1908, the defendant Company owned and operated a street railway with two parallel tracks a few feet only apart on Root street in Chicago, using one track for east-bound and the other for west-bound cars; that the plaintiff was employed by the city at that time as one of a gang to clean sewers; that the city had a sewer extending longitudinally along Root street beneath the space between said two tracks; that there was a number of manholes between said two tracks opening into said sewer; that the plaintiff was on said day, with other members of his gang, cleaning and raising dirt out of the sewer up through one of said manholes, a short distance east of Union avenue; that to do this work it was necessary that he and other members of the gang should stand between said tracks in a space too narrow for a person to stand in safety there when cars moving in opposite directions upon said tracks were passing each other; all of which the defendant knew; that the de-

fendant was at this time operating two certain street cars in opposite directions along said tracks up toward and close to the point where the plaintiff and his fellow workmen and the manhole were situated; that in the ordinary and customary prosecution of said work, the defendant was accustomed to stop its said cars before reaching any point where the said gang were so cleaning sewers, and not to attempt to run said cars past each other at such a point until said gang were out of the way; that as the said cars were so approaching said place and each other the plaintiff and his fellow workmen were in plain view of defendant's servants in charge of the management, operation and control of said cars; that he and his fellow workmen signaled and notified the operatives in charge of the cars to stop said cars until he and his fellow workmen could get out of the way; that the defendant nevertheless by "its operatives so in charge of the management, operation and control of said cars, then and there wrongfully, negligently and improperly ran said cars past each other at the time and place where plaintiff and his fellow workmen were as aforesaid," and as a direct result thereof, while he was exercising ordinary care for his own safety, he was caught and crushed between said cars and seriously injured.

The second count alleges the same matters with little variation. It says nothing about the customary way of doing things in this situation, but alleges that while the plaintiff and another member of the city's said gang, with a certain ladder and other appliances, were so engaged in cleaning said sewer through said manhole, and while he and his said fellow workmen were upon one of said tracks and between said tracks in the performance of their work, and while plaintiff was exercising ordinary care and caution for his own safety, and when the defendant's servants so in charge of the operation of said cars knew of his presence and the presence of his fellow workmen, and although the space between the tracks was so narrow that a per-

son could not stand in safety between said tracks when cars moving in opposite directions passed each other on said tracks, defendant's said servants so negligently, carelessly and improperly ran, managed and operated said cars up toward and past the place where plaintiff and his fellow workmen were as aforesaid, that as a direct result of the negligent, careless, and improper manner in which the defendant ran, managed and operated said cars, the plaintiff was caught and crushed between said cars as said cars were passing each other, and he was thereby injured.

If the purpose of a declaration is to state the cause of complaint clearly, so that the defendant will know what he has to meet, it would seem that this declaration met the requirement.

The allegations certainly did state what was complained of clearly. If these things did not constitute a cause of action, the defendant would naturally have demurred instead of pleading. Allegations that might not have been regarded as specific enough before verdict became so after verdict, and we think in this case, had there been any doubt as to sustaining the declaration on demurrer, there could be none on the motion in arrest. But we do not think that the declaration fails to state a complete cause of action or should have been held bad on demurrer. It is true, as appellant argues, that the mere use of an adverb describing an act will not by itself make that act actionable, and that as the Supreme Court has said, "Liability only follows a negligent or reckless act when the party guilty of the act owes to the party injured some duty which is violated by the commission of the negligent or reckless act." McAndrews v. Chicago, L. S. & E. R. Co., 222 Ill. 232.

But if it is true that the mere use of the word "negligently" does not show that a described act was the violation of a duty, it is also true that the description of a situation may show a duty without the direct allegation of such a duty. When the plaintiff in the case

at bar stated in his declaration that to do his work it was necessary for him to stand between the tracks in a space too narrow for one to stand when cars moving in opposite directions were passing each other, and that the defendant knew this and was accustomed to stop its cars before reaching the sewer cleaning gang to which plaintiff belonged, and that at this time the plaintiff and his companions signalled the operators of the cars, who had them in plain sight, to stop the cars until they could get out of the way, he stated circumstances that showed a duty of which the allegation that the defendant, by its agents, ran said cars past each other at the time and place where said plaintiff and his fellow workmen were located, charged a breach. It did not even require, in our opinion, the use of the words "wrongfully, negligently and improperly" to make this a charge of negligence. It is true that under our decisions it was necessary for plaintiff to aver, in order to show a complete cause of action, that he was at the time in the exercise of due care for his own safety; but this he did aver.

Under the circumstances shown in this case it is mere hypercriticism to say that the phrase "while the plaintiff was exercising ordinary care and caution for his own safety" does not refer to the time of the approach as well as of the actual passing or juxtaposition of the cars.

It is only necessary that one count of the declaration should state a complete cause of action to justify the denial of the motion in arrest, but we think its second count no less than the first states such a cause and for the same reasons. The circumstances alleged pointed out a duty and a breach of it on the part of the defendant.

The next position of the appellant demanding attention is that improper and incompetent evidence offered by the plaintiff and objected to by the defendant Company was admitted on the trial of the cause.

The objections which are here insisted on as valid,

the overruling of which is said to have been reversible error, are of three classes—those to evidence offered of orders from the foreman of the gang to the plaintiff always to stand close to the hole; those to proof that this foreman was an employe of the city, and those to leading questions.

The objection to leading questions is one largely resting in the discretion of a trial court, and we do not think in this case the discretion was abused.

Nor do we regard the introduction of the evidence complained of as incompetent to be error. The alleged contributory negligence of the plaintiff, the want of due care for himself, that is, immediately before and at the time of the injury, was made below and is made in this court the chief matter of defense.

It seems to go without saying that in an inquiry as to this matter, it was competent to show the nature of the plaintiff's employment, why he was at any time in the given place in the line of an advancing car, for example, or between the tracks in a space too narrow for safety while cars were passing each other. That his foreman was a city employe merely followed from his being foreman of the gang; it was a fair inference from the evidence given, but does not seem to have been insisted on or emphasized except by innuendo of the defendant's counsel. It was of no consequence one way or the other.

A third position of the defendant involves alleged error in instructions. Two instructions which were given to the jury at the request of the plaintiff are attacked by appellant in the argument of this appeal as erroneous. The first of these was instruction 4, as follows:

"The jury are instructed that the plaintiff is not bound to prove his case beyond a reasonable doubt, but is merely bound to prove it by a preponderance of the evidence."

This instruction does not undertake to declare either directly or indirectly the constituents of the plaintiff's "case;" it merely relates to the primary rule of evi-

dence in civil as distinguished from criminal cases. It is much less open to criticism, we think, than instructions concerning the amount of preponderance required, which have been declared unexceptionable. It has been approved in express terms by the Supreme Court. Pierson v. Lyon & Healy, 243 Ill. 370, and cases therein cited.

Instruction 4 was immediately followed by instruction 5, which is also attacked. It is as follows:

"You are instructed that if you believe from the evidence that the plaintiff, while in the exercise of ordinary care for his own safety,—if you believe from the evidence that he was in the exercise of such care—was injured as a direct result and in consequence of the negligence of the defendant as charged in the declaration, or one of the counts thereof, if you believe from the evidence that the defendant was so negligent, then you should find the defendant guilty."

That this instruction could have been understood by the jury to assume that the action of the servants of the Railroad Company charged in the declaration was negligent as a matter of law, which seems to be the argument of the appellant, we do not believe, especially in view of the fact that the cause was submitted to it with an instruction asked by the defendant to the effect that if they believed from the evidence that the defendant exercised at all times ordinary care and caution to avoid injuring the plaintiff, but that nevertheless he was injured, they should find the defendant not guilty.

It certainly no more suggested such an assumption than another instruction given at the *defendant's* request, which tabulated the three necessary constituents of the case for the plaintiff to prove in order to recover—as

*First:* That the plaintiff was exercising ordinary care, caution and vigilance for his own safety at and just prior to the time of the accident in question.

*Second:* That the defendant was guilty of negli-

Riordan v. Chicago City Railway Co., 178 Ill. App. 323.

gence *in the manner charged in the declaration or one of the counts thereof.*

*Third:*  That *such* negligence was the proximate, direct cause of the injuries in question.

However, although in our opinion the questions for the jury were rightly stated in both these instructions, it is equally, in our opinion, true that no harm practically could have resulted from such a construction or misconstruction as the appellant imagines might have been put on the first.

In our preceding discussion of the sufficiency of each count of the declaration we have indicated why we believe that the statements made therein show a duty and a breach of it.  If there was a duty under the circumstances to avoid running the cars past each other when the injured man was between the tracks, as we have said we think there was, then the breach of that duty was either negligent or malicious.  That it was the second there is no contention; that it was the first must have been the opinion of all reasonable men.

Of course an essential part of the circumstances charged which made the alleged action of the defendant negligence, was the knowledge by the defendant, or the certainty of knowledge had proper care been used, of the presence of the plaintiff in the unsafe place when the cars were run past each other; but this element was involved in their decision of the question which the appellant maintains was the first for them to answer, "Did the defendant commit the acts charged?"  Running the cars past each other merely was not the act charged.  The act charged was so running the cars while knowing the unsafe position of the plaintiff.

The real and controlling question in this appeal is not on the negligence of the defendant, but is whether the contributory negligence of the plaintiff was so proven that it should have been held by the court to be a matter of law and the case taken from the jury;

or that the jury having found for the plaintiff, the verdict should be set aside as against the weight of the evidence.

On this the emphasis of the defendant's argument is properly enough laid, and it involves the fourth contention of the defendant. Many cases from different jurisdictions are cited and quoted by defendant's counsel in which persons engaged in work upon railroad tracks, who have been injured by passing trains have been held unentitled to recover because their own negligence materially contributed to the accident. The rule, if a specific rule can be said to exist in cases which must all turn upon their particular facts, and which are all governed by the general doctrines of the law concerning contributory negligence, was probably well enough expressed by the Supreme Court of Missouri in Clancy v. St. Louis Transit Co., 192 Mo. 615, when it said, as quoted by counsel: "It was * * * negligent for the plaintiff to remain in a dangerous proximity to the track and in such a position that he could not see the approaching car, and to take no precautions whatever looking to his own safety."

In reality, however, there is no specific rule, and other cases cited as authority have little to do with this one. The difficulty is not in the law, which is perfectly well settled, but in the application of it to the facts of this case.

It does not seem to us that it is necessary and desirable to discuss in detail the varying statements of the witnesses which together go to show these facts. It is clear to us that the jury had ground in the evidence for believing that the gang to which the plaintiff belonged was engaged in a work which not only justified but required him, under all ordinary circumstances, to stand with a ladder close to the hole into the sewer, where one of the gang was working with the risk of being suddenly overcome by gas; that this was customary and must have been known to the servants of the defendant who were operating cars along

Riordan v. Chicago City Railway Co., 178 Ill. App. 323.

the two tracks; that this hole was between the two tracks; that the space between the two tracks rendered the place dangerous when two cars passed each other; that the custom as to running the cars was to check or stop altogether the car when approaching this work and thus give time to the men to adjust their positions to safety; that when two cars were approaching each other, in a situation like the one involved herein, one east-bound and one west-bound, both cars so regulated their approach that one at least was stopped while the other passed, thus not compelling the men between the tracks to put the width of a track between them and the hole; that the men working here were in sight of the respective motormen; that the gestures in the way of signals made by the defendant were intended and should clearly have been interpreted by both motormen as warnings to both, considering all the circumstances; that for some reason neither motorman slowed or checked the speed of his car; that the plaintiff and his companions had the right to suppose that both servants of the defendant would do what neither of them did, and especially that when one in the sight of the other was coming on regardless of signals, that that other would not fail in the duty of caution; that when the east-bound car did not slow up or stop, as it should have done, it was not unnatural for the men to step to the west-bound track, as all three of them on the ground did do (which is in itself significant) ; that in so doing they had a right to suppose the west-bound car was slowing or stopping; that it was at least doubtful whether, after the moment that the plaintiff realized that the east-bound car was not going to slacken speed he could have crossed ahead of it with safety; that he was suddenly, through no fault of his own, placed in a position of great danger; that he did what was natural and he thought best under the circumstances; and that in consequence of neither car stopping or slowing, but swiftly passing each other without regard to the warnings given them, the plaintiff was injured.

If they did so believe, it was their duty to find the defendant liable. We do not think that they should have been peremptorily instructed to the contrary or that the verdict was clearly against the weight of the evidence. Therefore the judgment is affirmed.

*Affirmed.*