CHESTER M. LONG *et al.*, Plaintiffs-Appellants, *v.* THE CITY OF NEW BOSTON *et al.*, Defendants-Appellees.

Third District    No. 80-442

Opinion filed April 30, 1981.—Rehearings denied May 27, 1981.

Michael J. Warner and Dennis A. DePorter, both of Braud, Warner, Neppl & Westensee, Ltd., of Rock Island, for appellants.

Samuel S. McHard, of Katz, McAndrews, Durkee & Telleen, of Rock Island, and Robert J. Noe and Max D. Cartwright, both of Bozeman, Neighbour, Patton & Noe, of Moline, for appellees.

Mr. PRESIDING JUSTICE SCOTT delivered the opinion of the court:

Chester M. Long was injured when he fell from a ladder while erecting decorative Christmas lights on utility poles along the main street of New Boston, Illinois. He brought suit against three defendants in the Circuit Court of Mercer County seeking damages for his injuries. His wife, Mary Lou Long, joined in his complaint as a plaintiff seeking to recover for loss of consortium as a result of the same incident. On July 8, 1980, the circuit court dismissed the plaintiff's complaint. This appeal is taken from that order.

According to the facts alleged in the complaint, the city of New Boston agreed with the New Boston American Legion Post No. 48 to decorate the city's main street during the Christmas season. In 1972, in furtherance of that agreement, the city and the Legion made a joint purchase of decorative lights. During the years that followed the city and the Legion jointly undertook the annual task of stringing the decorative lights from one utility pole to another across the main street of New Boston.

On November 30, 1977, Chester Long volunteered to assist in the annual undertaking which, according to his complaint, was jointly the project of the city and the Legion. Long was joined by another volunteer, Clair Riley. In the course of stringing the lights on the day mentioned, Long was atop a ladder which was leaning against a utility pole. The ladder moved; Long lost his balance, fell to the ground, and was seriously injured.

The complaint which was filed is in 10 counts against three defendants with two different theories of liability alleged. Counts I through IV are directed against the city and the Legion by both of the plaintiffs, and are premised on the liability imposed by the Structural Work Act (Ill. Rev.

Stat. 1977, ch. 48, par. 60 *et seq.*). Counts V through X are based upon the common law theory of negligence, naming the city, the Legion and volunteer Riley as parties defendant. As previously recounted, the circuit court dismissed all counts of plaintiffs' complaint.

■■ ■ The standard to be applied in judging the sufficiency of a complaint is by now axiomatic. A cause of action should not be dismissed on the pleadings unless it clearly appears that no set of facts can be proved which will entitle the plaintiffs to recover. (*Edgar County Bank & Trust Co. v. Paris Hospital, Inc.* (1974), 57 Ill. 2d 298, 312 N.E.2d 259; *Johnston v. City of Bloomington* (1979), 77 Ill. 2d 108, 395 N.E.2d 549.) In determining whether the motion to dismiss was properly allowed, the well-pleaded allegations of fact must be taken as true. (*Edgar County Bank & Trust Co. v. Paris Hospital, Inc.*) As the facts which would permit recovery under a common law theory of negligence differ from the facts which would permit recovery under the Structural Work Act, we shall consider separately the dismissal of the counts under each theory.

In the negligence counts directed against the city and the Legion, the following omissions are alleged as actionable:

> "A. Failed to provide a person to hold or secure the ladder upon which Plaintiff was engaged;
> B. Failed to provide any stays, support or other artifices to secure the ladder upon which Plaintiff was engaged;
> C. Failed to provide any scaffolds, hoists, cranes, stays, supports or other mechanical devices to give adequate and proper protection to the life and limb of Plaintiff herein."

The allegations against the defendant Riley are identical except that allegation "A" is modified as follows:

> "A. Failed to hold or secure the ladder upon which Plaintiff was engaged."

We believe the allegations of negligence as set forth establish as a matter of law that the plaintiff Long negligently contributed to his own injury.

■■ Where a plaintiff is utilizing a simple, ordinary tool, he possesses as a matter of law the knowledge of certain patent risks incumbent in the use of such tools. These ordinary, simple tools have been held to include hammers, wrenches, axes, hoes, spades and ladders. (*Herricks v. Chicago & Eastern Illinois R. R. Co.* (1913), 257 Ill. 264, 100 N.E. 897; *Geiken v. Chicago Great Western R. R. Co.* (1937), 289 Ill. App. 45, 6 N.E.2d 690.) Ordinary tools are those items of which the ordinary man is held to have basic knowledge as to function and operation. Open, obvious, and patent risks associated with the use of such items are also within the knowledge of the ordinary man.

■■ Ladders are ordinary simple tools. (*Herricks v. Chicago & Eastern Illinois R. R. Co.; Geiken v. Chicago Great Western R. R. Co.; Collins v. Western Electric Co.* (1913), 178 Ill. App. 23.) For that reason, the plaintiff in the instant case is held as a matter of law to possess knowledge regarding the open, obvious and patent risks associated with the use of a ladder. We believe those risks include the risk that the ladder could shift or move if improperly braced or supported. The adequacy of bracing or support was equally with the knowledge of the plaintiff Chester Long and each of the three defendants. (*Poznanski v. Szczech* (1897), 71 Ill. App. 670.) Therefore, the defendants cannot be negligent as alleged unless the plaintiff was also negligent in ascending the ladder in question in the face of the apparent risks. *Webster Manufacturing Co. v. Nisbett* (1903), 205 Ill. 273, 68 N.E. 936; *Dauchy Iron Works v. Nevin* (1906), 130 Ill. App. 475.

We believe the plaintiff was similarly negligent in ascending the ladder without someone present to hold or otherwise secure the device. The absence of such a person was open, obvious or patent, as was the risk of proceeding without assistance. Further, it has been held that no liability for failure to provide assistance can arise where no demand for help has been made. (*Western Union Telegraph Co. v. Coker* (1947), 146 Tex. 190, 204 S.W. 2d 977; *Powell v. Walker* (Mo. 1916), 195 Mo. App. 150, 185 S.W. 532.) Such are the allegations in the complaint at bar.

■■ Chester Long's voluntary encounter with a known danger is contributory negligence as a matter of law. (*Alfano v. Board of Trade* (1979), 76 Ill. App. 3d 248, 395 N.E.2d 384.) That being the case, his action premised on common-law negligence was properly dismissed. Mary Lou Long's claim for loss of consortium, as premised on a theory of negligence, was also correctly denied by the circuit court. See *Kolar v. City of Chicago* (1973), 12 Ill. App. 3d 887, 299 N.E.2d 479.

■■ The essential elements which give rise to a cause of action under the Structural Work Act differ from the elements of a prima facie case based on a negligence theory. Among the distinctions between the two legal theories is the absence of the defense of contributory negligence under the Structural Work Act. (*Di Prima v. Edwards* (1977), 55 Ill. App. 3d 633, 371 N.E.2d 252; *Kelty v. Wiseman Construction Co.* (1976), 38 Ill. App. 3d 808, 349 N.E.2d 108.) Thus, the conduct that precluded recovery under the negligence theory does not per se preclude recovery under the Act.

The Act requires:

> "That all * * * ladders * * * erected or constructed by any person, firm, or corporation in this State for the use in the erection, * * * of any * * * structure, shall be erected and constructed, in a safe, suitable and proper manner, and shall be so erected and constructed, placed and operated as to give proper and adequate

protection to the life and limb of any person * * * engaged thereon * * *." (Ill. Rev. Stat. 1977, ch. 48, par. 60.)

The Act is not violated as long as:

"Any * * * person having charge of the erection, * * * of any * * * structure within the provisions of this act, shall comply with all the terms thereof * * *." (Ill. Rev. Stat. 1977, ch. 48, par. 69.)

When the Act is violated in wilful fashion and injury results:

"* * * a right of action shall accrue to the party injured, for any direct damages sustained thereby * * *." (Ill. Rev. Stat. 1977, ch. 48, par. 69.)

We believe the allegations in counts I, II, III and IV in plaintiffs' complaint, if proved, are sufficient to entitle plaintiffs to recover pursuant to the special statutory cause of action. For obvious reasons, we express no opinion as to whether the allegations can be proved.

The pleadings assert that Chester Long was engaged on a ladder at the time of his injury. While defendants do not quarrel with the allegation that Long fell from a ladder, one of the devices expressly enumerated in the Act, there is a dispute as to whether Long was employed or engaged thereon. It is urged that the intent of the Structural Work Act is to encourage safer conditions for those employed in dangerous or extra hazardous occupations. Defendants would have us limit the Act's coverage to nongratuitous workers, leaving the gratuitous worker engaged in similar hazardous activity without a remedy under the statute. We believe such a construction of the statutory language to be incorrect. The supreme court has determined that any person engaged on a ladder, etc., can claim protection of the Act. (*Warren v. Meeker* (1973), 55 Ill. 2d 108, 302 N.E.2d 54.) Such persons include part-time workers and volunteers. 1975 U. Ill. L. F. 393, 397.

The pleadings also declare that Chester Long was in the process of erecting a structure when he fell and was injured. It is contended that the stringing of decorative lighting is not, as a matter of law, erection of a structure. We believe prevailing precedent dictates a different result.

In *Navlyt v. Kalinich* (1972), 53 Ill. 2d 137, 290 N.E.2d 219, it was decided that the network of tiles and conduits which constituted a sewer system was a structure within the statutory meaning of the term. In an analogous case, the network of wires, cables and utility poles that constituted a power company's system for delivery of electricity was also a structure. (*Wood v. Commonwealth Edison Co.* (N.D. Ill. 1972), 343 F. Supp. 1270.) It would be consistent with these prior decisions to conclude that the system of utility poles and lights which decorated the city of New Boston was also a structure. We hold that the act of Chester Long pleaded in his complaint could constitute erection of a structure under the Act.

■■ Finally, the complaint avows that the city and the Legion were in charge of the activity of Chester Long, that both the city and the Legion wilfully violated the standard of safety required by the Act, and that plaintiff was injured as a result. We hold that if the well-pleaded facts in counts I through IV of plaintiffs' complaint are taken as true, then those counts should not be dismissed for failure to state a cause of action.

After a careful review of the complaint as set forth in the record, and in reliance on the authorities hereinbefore set forth, the decision of the circuit court is affirmed in part, reversed in part, and remanded for further proceedings consistent with the views we have expressed.

Affirmed in part; reversed in part; remanded.

ALLOY and BARRY, JJ., concur.