(Nos. 55163, 55262 cons.—

CHESTER M. LONG *et al.*, Appellees and Appellants, v. THE CITY OF NEW BOSTON *et al.*, Appellants and Appellees.

*Opinion filed June 18, 1982.—Rehearing denied October 1, 1982.*

Braud, Warner, Neppl & Westensee, Ltd., of Rock Island (Dennis A. De Porter, of counsel), for appellees and appellants Chester M. Long and Mary Lou Long.

Bozeman, Neighbour, Patton & Noe, of Moline (Robert J. Noe and Max D. Cartwright, of counsel), for appellant and appellee City of New Boston.

Samuel S. McHard, of Katz, McAndrews, Durkee, Balch & Lefstein, of Rock Island, for appellant and appellee Clair Riley.

JUSTICE CLARK delivered the opinion of the court:

On November 30, 1977, Chester Long was among a group of civic volunteers assisting in stringing Christmas lights over the main street of New Boston, Illinois. The Christmas decorations were a project of the city of New Boston (the city) and the New Boston American Legion Post No. 48, which had jointly purchased the lights in 1972. In the course of attaching a string of lights to a utility pole, Long was atop a ladder which was leaning against the pole, and which it is alleged no one was holding. The ladder moved, Long lost his balance, fell, and was seriously injured.

Mr. and Mrs. Long sued the city, the American Legion, and Clair Riley, the latter individually and in his capacity as mayor of New Boston. Mr. Long sought recovery for his injuries, and Mrs. Long for loss of consortium. The amended complaint was in 10 counts. Counts I through IV were directed against the city and the American Legion and were premised on liability under the Structural Work Act (Ill. Rev. Stat. 1977, ch. 48, par. 60 *et seq.*). Counts V through X charged all three defendants with negligence.

Defendants moved to dismiss the amended complaint, contending that the Structural Work Act was inapplicable to Long or to the activity in which he had been engaged. As to the negligence counts, defendants contended that

they had breached no duty to Long, since he was a volunteer, and they owed him only the duty to refrain from wilful and wanton misconduct. The circuit court of Mercer County granted the defendants' motions and dismissed the complaint on June 30, 1980.

On appeal by the plaintiffs, the appellate court affirmed the judgment of dismissal of the negligence counts. The court held that on the face of the complaint Long was guilty of contributory negligence as a matter of law, and that he was therefore precluded from recovering on a negligence theory. However, the appellate court reversed the circuit court's dismissal of the Structural Work Act counts. 95 Ill. App. 3d 430.

The city petitioned this court for leave to appeal the judgment with respect to the Structural Work Act counts, and plaintiffs petitioned for leave to appeal the appellate court's judgment with respect to the negligence counts. We granted both petitions and consolidated the appeals.

We first consider whether the negligence counts of the complaint were correctly dismissed.

In its opinion, filed April 30, 1981, the appellate court affirmed the circuit court's dismissal of the negligence counts on the ground that the complaint revealed on its face that Long was contributorily negligent as a matter of law, and that his contributory negligence was a complete bar to his negligence action. The record shows that neither party raised the issue of contributory negligence or of comparative negligence in the circuit court or at the initial hearing before the appellate court. Plaintiffs contended in their petition for rehearing in the appellate court, and contend here, that because the appellate court rendered its decision after this court's decision in *Alvis v. Ribar* was filed (April 17, 1981), the doctrine of comparative negligence announced in that decision is applicable to this cause, rather than the doctrine of contributory negligence applied by the appellate court.

The opinion of this court in *Alvis v. Ribar*, filed April 17, 1981, specifically stated that the rule announced therein should apply only "to the parties before us on appeal; (1) to all cases commenced after this decision becomes final; (2) to all cases already commenced in which trial has not yet begun; and (3) to all cases on appeal in which the applicability of the comparative negligence rule was raised and properly preserved for the purpose of appeal." (*Alvis v. Ribar*, slip op. at 20 (April 17, 1981).) The instant case was commenced in October of 1978; and, as we have already noted, the applicability of the comparative negligence rule was not raised in the circuit court or until the petition for rehearing in the appellate court. Plaintiffs contend, however, that this case falls into the second category of cases to which the rule of *Alvis* was stated to be applicable, because although it was commenced before *Alvis* was decided, no trial has yet begun. We think this contention must fail. The circuit court's judgment dismissing plaintiffs' complaint was a determination of the merits of plaintiffs' claims with respect to the legal issues it presented. For the purpose of deciding whether a case is one to which the *Alvis* rule is applicable, a trial means a judicial determination of the merits of either the legal or the factual issues between the parties. (*People v. Vitale* (1936), 364 Ill. 589, 592.) A dismissal for failure to state a cause of action is such a determination.

We note, moreover, that in the revised opinion issued after rehearing, this court modified the above-quoted portion of *Alvis v. Ribar* to read:

> "We hold that this opinion shall be applied to the parties before us on appeal and to all cases in which trial commences on or after June 8, 1981, the date on which the mandate in this case shall issue. This opinion shall not be applicable to any case in which trial commenced before that date—except that if any judgment be reversed on appeal for other reasons, this opinion shall be applicable to any retrial." (*Alvis v. Ribar* (1981), 85 Ill. 2d 1, 28.)

Though decisions of this court are final when the opinion is filed (*PSL Realty Co. v. Granite Investment Co.* (1981), 86 Ill. 2d 291, 304-05), a later modification of a filed opinion supersedes and vacates the earlier opinion. Consequently, the above-quoted language from the modified opinion in *Alvis v. Ribar* states the criterion for when the doctrine of comparative negligence shall be applicable. The instant case obviously does not meet the test.

Having determined that the disposition of this case is governed by the doctrine of contributory negligence rather than that of comparative negligence, we return to consideration of the primary issue: whether the appellate court correctly affirmed the circuit court's dismissal of the negligence counts of the complaint. As previously noted, the appellate court held that the dismissal was proper because it found the allegations of the complaint established as a matter of law that plaintiff was contributorily negligent.

Under the law prior to *Alvis v. Ribar*, a plaintiff was required to prove his own exercise of due care as an essential element of his negligence action. (*Carter v. Winter* (1965), 32 Ill. 2d 275, 282; see *Alvis v. Ribar* (1981), 85 Ill. 2d 1, 6.) The absence of such a showing, or sufficient affirmative evidence of contributory negligence, was a complete bar to recovery. (*Mueller v. Sangamo Construction Co.* (1975), 61 Ill. 2d 441, 446; *Williams v. Brown Manufacturing Co.* (1970), 45 Ill. 2d 418, 425; *Maki v. Frelk* (1968), 40 Ill. 2d 193, 195.) Despite early statements to the contrary (*Consolidated Coal Co. v. Wombacher* (1890), 134 Ill. 57, 63), Illinois courts consistently held that the plaintiff had the burden of pleading freedom from contributory negligence, as well as the burden of proof on that issue (*Williams v. Brown Manufacturing Co.* (1970), 45 Ill. 2d 418, 424; *Angelini v. Snow* (1978), 58 Ill. App. 3d 116, 117; *Williams v. Rock River Savings & Loan Association* (1964), 51 Ill. App. 2d 5, 13; *Riordan v. Chicago City Ry. Co.* (1913), 178 Ill. App. 323, 327-28). Consequently, it was held that a com-

plaint that lacked a sufficient allegation of the plaintiff's due care or disclosed contributory negligence on its face failed to state a cause of action and was subject to a motion to dismiss. (*Williams v. Rock River Savings & Loan Association* (1964), 51 Ill. App. 2d 5, 13; *Thoele v. Mazel* (1955), 8 Ill. App. 2d 237 (abstract of decision); *Stephens v. Illinois Central R.R. Co.* (1930), 256 Ill. App. 111, 124-25.) *Alvis v. Ribar* has, of course, rendered these holdings obsolete; we note them only as they are relevant to the decision here.

Rules also developed for deciding when it was proper for the court to determine the presence or absence of contributory negligence as a matter of law, rather than leaving it to the jury as an issue of fact. This court, in *Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill. 2d 494, established a single standard for determining both when contributory negligence may properly be considered by the court as a matter of law, and when a directed verdict or judgment *n.o.v.* should be entered: when "all of the evidence, when viewed in its aspect most favorable to the opponent, so overwhelmingly favors movant that no contrary verdict based on that evidence could ever stand." 37 Ill. 2d 494, 510; *Mundt v. Ragnar Benson, Inc.* (1975), 61 Ill. 2d 151, 156-57.

The facts alleged in the complaint, which are admitted by a motion to dismiss and are therefore taken as true (*Fitzgerald v. Chicago Title & Trust Co.* (1978), 72 Ill. 2d 179, 187), are that Long ascended an unbraced, unsecured ladder that was leaning against a utility pole, to a height of 20 to 25 feet above the street. Applying the above standard, we agree with the appellate court that these facts demonstrate that Long was contributorily negligent as a matter of law.

Contributory negligence is lack of due care for one's safety as measured by the objective reasonable-man standard. (*Williams v. Brown Manufacturing Co.* (1970), 45 Ill. 2d 418, 425.) In other words, the plaintiff is required to exercise that care which the reasonably prudent person would

take to avoid injury in like circumstances. *McInturff v. Chicago Title & Trust Co.* (1968), 102 Ill. App. 2d 39, 47-48.

Failure to observe and avoid danger which is obvious to a person of ordinary intelligence has been held to be contributory negligence in numerous cases. In *Mundt v. Ragnar Benson, Inc.* (1975), 61 Ill. 2d 151, this court held that the plaintiff was contributorily negligent in proceeding in darkness into an area of an uncompleted building where he was aware there was an unprotected opening, through which he fell. A plaintiff who was struck by a car while attempting to cross an 8-lane highway in heavy traffic, at a point where there was no intersection or pedestrian crosswalk, although there was a pedestrian overpass within a block of the occurrence, was held to have been contributorily negligent. (*Klimovich v. Crutcher* (1965), 57 Ill. App. 2d 444.) In *Dandurand v. Chebanse Recreation Center* (1972), 8 Ill. App. 3d 508, plaintiff, a nonswimmer, was held to have been contributorily negligent when he was drowned after leaving the shallow water designated for nonswimmers and attempting to reach a raft that he had been told was in deep water.

The risk of electrocution inherent in installing a television antenna in close proximity to a power line was held to be an obvious danger, and plaintiffs who received an electric shock while so engaged were held contributorily negligent, in *Stambaugh v. Central Illinois Light Co.* (1976), 42 Ill. App. 3d 582, and *Withey v. Illinois Power Co.* (1961), 32 Ill. App. 2d 163. (See also *Genaust v. Illinois Power Co.* (1976), 62 Ill. 2d 456, 469.) Similarly, the risks of slipping and falling on a wet, muddy floor (*Murray v. Bedell Co.* (1930), 256 Ill. App. 247) and on snow-covered steps (*Starns v. Postawko* (1952), 347 Ill. App. 77 (abstract of decision)), were regarded as obvious risks of which the plaintiff should have been aware, and proceeding in the face of them was held to demonstrate a lack of due care under the circumstances.

We think that the risk inherent in climbing an unbraced, unsecured ladder to a height of 20 feet or more is obvious to

the person of ordinary intelligence, and that climbing a ladder under such circumstances demonstrates a lack of the care for his own safety that a reasonably prudent person would exercise. We note that plaintiffs' accusation that defendants acted unreasonably in failing to brace the ladder or to provide a person to secure it is an assertion that reasonable persons would recognize the risk of climbing an unbraced, unsecured ladder to such a height. Long in effect admits that his action was unreasonable, since if the danger should have been apparent to the defendants, it should have been equally so to him. We hold that the negligence counts of the complaint were properly dismissed.

We next consider whether the complaint states a cause of action under the Structural Work Act. The purpose of that act is stated in its preamble:

> "An Act providing for the protection and safety of persons in and about the construction, repairing, alteration, or removal of buildings, bridges, viaducts, and other structures, and to provide for the enforcement thereof." (Ill. Rev. Stat. 1977, ch. 48, par. 60.)

Section 1 of the Act provides:

> "[A]ll scaffolds, hoists, cranes, stays, ladders, supports, or other mechanical contrivances, erected or constructed by any person, firm or corporation in this State for the use in the erection, repairing, alteration, removal or painting of any house, building, bridge, viaduct, or other structure, shall be so erected and constructed, placed and operated as to give proper and adequate protection to the life and limb of any person or persons employed or engaged thereon ***." (Ill. Rev. Stat. 1977, ch. 48, par. 60.)

Under section 9 of the Act, a right of action accrues to persons injured by wilful violations of the Act or wilful failure to comply with its provisions. Ill. Rev. Stat. 1977, ch. 48, par. 69.

The appellate court held that the Structural Work Act applied to the facts of this case. It found that the "system of utility poles and lights which decorated the City of New Boston" was a structure within the meaning of the Act. It fur-

ther found that the activity in which plaintiff Long was engaged on the ladder amounted to the erection of a structure under the Act. 95 Ill. App. 3d 430, 434.

The Structural Work Act is not applicable to *any* work that requires the use of a ladder. Rather the Act's application is limited to the use of ladders in performing specified activities upon structures, listed in the statute: "erection, repairing, alteration, removal or painting ***." (Ill. Rev. Stat. 1977, ch. 48, par. 60.) The issue, then, is: Was plaintiff, while on a ladder, engaged in an activity within the purview of the Act?

This court has never decided whether either an individual utility pole, or the network of wires, cables and utility poles that constitutes a power company's system for the delivery of electricity, is a structure within the meaning of the Structural Work Act. In determining that the "system" consisting of the utility pole together with the decorative Christmas lights met the statutory requirement that the activity be performed on a structure, the appellate court relied on *Navlyt v. Kalinich* (1972), 53 Ill. 2d 137, and *Wood v. Commonwealth Edison Co.* (N.D. Ill. 1972), 343 F. Supp. 1270.

In *Navlyt v. Kalinich,* plaintiffs' decedent was killed by the collapse of a trench in which he was installing sewer tiles in connection with the construction of two townhouses. The complaint alleged that the sewer system was being installed as an integral part of the structures being erected. This court agreed with the appellate court's conclusion that " 'plaintiffs' decedent was working upon a sewer system which we clearly conceive to be a "structure" under the Structural Work Act either considered by itself or as an integral part of the buildings being erected on a construction site.' " 53 Ill. 2d 137, 138-39, quoting *Navlyt v. Kalinich* (1970), 125 Ill. App. 2d 290, 295.

In *Wood v. Commonwealth Edison Co.*, the plaintiff was injured when, while stringing wire, he fell from a wooden utility pole owned by the defendant electric company. The

Federal district court held that the Structural Work Act applied to the case. It found that the pole, together with its crossbeams and the wire strung therefrom, met the statutory requirement of a structure. Because plaintiff was using the pole, a part of the structure, as a temporary scaffolding or support upon which to stand while altering the structure itself by stringing additional wire from it, the complaint was held sufficient to withstand a motion for summary judgment. 343 F. Supp. 1270, 1271.

We do not think that these cases provide a basis for concluding that a string of decorative lights, in combination with a utility pole previously erected for the purpose of transmitting electric power, form a "system" or "network" that constitutes a structure under the Act. Consequently, we hold that Long's activity on the ladder could not amount to the erection of a structure.

Plaintiffs argue alternatively that the attachment of the lights to the pole constitutes the "alteration *** of a *** structure," and is thus within the purview of the Act. To take this position is to assume that the utility pole itself is a structure, which Long was altering by the addition of a string of lights. Assuming for the sake of argument that a utility pole is a structure, however, plaintiffs' contention still must fail, because Long was not engaged in an alteration *of that structure.* What he was doing was not related to the pole as a structure for the transmission of electricity; it is not analogous to the activity of a lineman replacing a rotted crossbeam or stringing new cable on a utility pole. Long's activity was only incidentally and fortuitously concerned with the utility pole. Had he been attaching the lights to a tree when he fell from the ladder, clearly he could not claim he was engaged in the erection or alteration of a structure, and we think the fact that he happened to be attaching them to a utility pole does not alter the nature of his activity.

To state a cause of action under the Structural Work Act, a plaintiff must have been engaged in one of the struc-

tural activities specified in the Act when the injury occurred. Several decisions of the appellate court have held that the plaintiff could not recover under the Act because of the nature of the activity in which he was engaged. In *Wright v. Synergistics, Inc.* (1977), 52 Ill. App. 3d 233, a cafeteria worker was injured when she walked across a scaffold in leaving her place of work. The appellate court noted that the plaintiff was not involved in the construction, alteration or repair of any structure or building, but appeared to be using the scaffold merely as a convenient means of getting from one place to another. The court distinguished its earlier decision in *Bennett v. Musgrave* (1970), 130 Ill. App. 2d 891, which held that a nonemployee who, while inspecting a construction site at the owner's request, was struck by a wrench that fell from a scaffold could recover under the Structural Work Act. The *Wright* court pointed out that the plaintiff in *Bennett,* though not a tradesman, worker, or employee, was "concerned with the building of a structure and playing a role in the construction project," in distinction to the plaintiff in *Wright. Wright v. Synergistics, Inc.* (1977), 52 Ill. App. 3d 233, 236; see *Bitner v. Lester B. Knight & Associates, Inc.* (1974), 16 Ill. App. 3d 857; *Kelly v. Northwest Community Hospital* (1978), 66 Ill. App. 3d 679.

For the foregoing reasons, we hold that the complaint fails to state a cause of action under the Structural Work Act. The judgment of the appellate court is accordingly reversed in part and affirmed in part; the judgment of the circuit court of Mercer County is affirmed.

*Appellate court affirmed in part*
*and reversed in part; circuit*
*court affirmed.*