NONA BURKS, Indiv. and as Mother of Stephen Simpson, *et al.*, *et al.*, Plaintiffs-Appellants, v. MATRIX VISION OF WILMETTE, INC., *et al.*, Defendants-Appellees.

First District (5th Division)   No. 87—0511

Opinion filed September 2, 1988.

Michael W. Rathsack, of Chicago, for appellants.

Baker & McKenzie, of Chicago (Francis D. Morrissey, Daniel J. O'Connor, Michael A. Pollard, and Luke L. Dauchot, of counsel), for appellees Matrix Vision of Wilmette, Inc., and Matrix Enterprises, Inc.

Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago (Joseph J. O'Connell, Stephen R. Swofford, and Philip R. King, of counsel), for appellee Commonwealth Edison Company.

PRESIDING JUSTICE LORENZ delivered the opinion of the court:

Plaintiffs appeal the dismissal of count I of their complaint at law

for failure to state a cause of action under the Structural Work Act (Act) (Ill. Rev. Stat. 1985, ch. 48, pars. 60 through 69).

We affirm.

This matter arises out of an incident which occurred on March 15, 1983. As alleged in the complaint, defendants Matrix Vision of Wilmette, Incorporated (Matrix Vision), and Matrix Enterprises, Incorporated (Matrix), were then engaged as general contractors to install television transmission cables on existing wooden poles owned by defendant Commonwealth Edison Company (Commonwealth Edison) in Skokie, Illinois. In the process of that installation, Stephen Simpson, an employee of Matrix Vision, was injured and later died, when the pole upon which he was working cracked at its base and fell to the ground.

Following Simpson's death, plaintiffs filed a four-count complaint, as amended, in the circuit court of Cook County naming Matrix Vision, Matrix, and Commonwealth Edison as defendants. Pertinent to this appeal, count I of the complaint sought to establish liability as to each defendant under the Structural Work Act (Ill. Rev. Stat. 1985, ch. 48, pars. 60 through 69).

On April 11, 1986, Commonwealth Edison, joined by Matrix Vision and Matrix, moved, *inter alia*, to dismiss count I, pursuant to section 2—615 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—615), on the basis that attachment of television cable to a wooden pole was not an activity undertaken with respect to a structure such as to come within purview of the Structural Work Act. The motion was granted after hearing on February 5, 1987, and that portion of the order dismissing count I was made final and appealable. Plaintiffs filed a timely notice of appeal on February 13, 1987.

OPINION

■ On review of dismissal of a count of a complaint pursuant to section 2—615 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—615), we must accept as true all well-pleaded allegations, drawing all reasonable inferences arising therefrom, and determine whether any possibility of recovery exists under the theory alleged. *Richmond v. Hahn* (1985), 134 Ill. App. 3d 947, 481 N.E.2d 943.

■ Count I of plaintiffs' complaint is predicated on various violations of the Structural Work Act. Section 1 of the Act outlines the types of injuries for which the Act may apply, as recovery is permitted where the injury occurs in relation to the use of "scaffolds, hoists, cranes, stays, ladders, supports, or other mechanical contrivances" during "the erection, repairing, alteration, removal or painting of any

house, building, bridge, viaduct, or *other structure."* (Emphasis added.) (Ill. Rev. Stat. 1985, ch. 48, par. 60.) It is axiomatic that an action which seeks to establish liability under the Structural Work Act must be based on the existence of a structure as contemplated by language contained within the Act. *Kochan v. Commonwealth Edison Co.* (1984), 123 Ill. App. 3d 844, 463 N.E.2d 921.

██ The allegations of count I give rise to two possibilities for establishing the existence of a structure for purposes of determining applicability of the Act. First, the wooden pole together with the network of attached television cable might constitute a structure. Second, the wooden pole might constitute a structure of its own outside of the network of attached cable. We note, however, that plaintiffs' opening brief addresses only the issue of whether a structure existed under the first possibility, a combined system of poles and cable. We therefore decline to consider in this appeal whether the pole itself might constitute a structure as we deem plaintiffs have waived that issue. 107 Ill. 2d R. 341(e)(7); *Dunn v. Baltimore & Ohio R.R. Co.* (1987), 162 Ill. App. 3d 97, 515 N.E.2d 1027.

Plaintiffs contend that a system which consists of television cable attached to wooden poles should be considered as a structure for purposes of the Structural Work Act because such systems are extremely large, covering entire counties, are permanent in nature, and involve overhead erection and suspension of materials. Plaintiffs rely primarily on *Wood v. Commonwealth Edison Co.* (N.D. Ill. 1972), 343 F. Supp. 1270, which plaintiffs contend involves a situation closely analogous to that before us. Plaintiffs also point out that other jurisdictions have affirmatively answered the question of whether a system of poles and wires constitutes a structure. Plaintiffs cite the Oregon Supreme Court decision in *Forbes v. Willamette Falls Electric Co.* (1890), 19 Or. 61, 23 P. 670, in which poles planted in the ground connected together with wires and insulators were held to constitute a structure for purposes of a mechanic's lien statute applying to structures similar to those enumerated in the Structural Work Act. Plaintiffs argue that the ease with which the Oregon court in *Forbes* determined the existence of a structure is echoed in other decisions of this State, most notably, *Navlyt v. Kalinich* (1972), 53 Ill. 2d 137, 290 N.E.2d 219, in which the court, holding that a sewer system was a structure for purposes of the Act, acknowledged that the Act warranted a liberal interpretation of the term "structure."

We have carefully reviewed the authority relied on by plaintiffs, but are instead persuaded that the decision in *Long v. City of New Boston* (1982), 91 Ill. 2d 456, 440 N.E.2d 625, must control our dispo-

sition of this appeal. In *Long*, plaintiff was injured when he fell from a ladder while assisting in stringing decorative Christmas lights to utility poles over the main street in New Boston, Illinois. As a result of injuries sustained, plaintiff brought an action alleging both negligence and violations of the Structural Work Act. The circuit court dismissed plaintiff's complaint. The appellate court, on review of the circuit court's order, reversed that part of the dismissal based on violations of the Structural Work Act holding that the stringing of decorative lights to utility poles constituted a structure for purposes of the Act. (*Long v. City of New Boston* (1981), 95 Ill. App. 3d 430, 420 N.E.2d 282, *aff'd in part and rev'd in part* (1982), 91 Ill. 2d 456, 440 N.E.2d 625.) Significantly, the appellate court supported its conclusion that a structure existed based on the decisions of *Navlyt* and *Wood*, the same cases plaintiffs urge us to follow here. (*Long*, 95 Ill. App. 3d at 434, 420 N.E.2d at 285-86.) The supreme court overturned that conclusion, however, expressly finding that neither *Navlyt* nor *Wood* provided a basis to support the assertion that decorative lights strung from utility pole to utility pole formed a structure for purposes of the Structural Work Act. *Long*, 91 Ill. 2d at 466-67, 440 N.E.2d at 630.

We fail to see any logical basis for which to distinguish the system of decorative lights and poles in *Long* from the system of television cable and poles in the matter before us such as would permit a different conclusion here than our supreme court reached in *Long*. While the system in *Long* may have been temporary and of smaller scale than that contemplated by defendants here, the essence of both projects, integration of existing wooden poles already used for one purpose into a network or system through the attachment of cable or a string of lights to serve an additional purpose, is the same. We note further that in similar reliance on the supreme court's decision in *Long*, the Fifth District Appellate Court has also determined that attachment of cable television wires to electric utility poles does not comprise a structure for purposes of the Structural Work Act. *Gill v. Parcable, Inc.* (1985), 138 Ill. App. 3d 409, 413, 485 N.E.2d 1215, 1217.

Accordingly, we affirm the dismissal below.

Affirmed.

PINCHAM and MURRAY, JJ., concur.