(No. 43566.—▮▮▮▮▮▮▮▮)

NANCY NAVLYT *et al.,* Appellees, v. PAUL T. KALINICH, Appellant.

*Opinion filed November 30, 1972.*

JOHN W. GILLIGAN, of Chicago, for appellant.

JAMES P. CHAPMAN, of Chicago, for appellees.

MR. JUSTICE GOLDENHERSH delivered the opinion of the court:

The circuit court of Du Page County allowed the motion of the defendant, Paul T. Kalinich, to strike the amended complaint filed by Mary Navlyt, individually and as mother and next friend of three minor plaintiffs, and

entered judgment in favor of defendant. Plaintiffs appealed, the appellate court reversed the judgment and remanded the cause (*Navlyt v. Kalinich, 125 Ill. App. 2d 290*), and we have allowed defendant's petition for leave to appeal.

The amended complaint alleged that defendant owned a certain parcel of real estate on which he was erecting two brick residences; that he was acting as his own general contractor and was in charge of the construction within the meaning of section 9 of the Structural Work Act (Ill. Rev. Stat. 1967, ch. 48, par. 69); that a sewer system was being installed as an integral part of the structures being erected; that in the course of installing the sewer system, and while working in a trench 10 to 12 feet in depth and 2 to 3 feet wide, Joseph Navlyt, husband of plaintiff, Mary Navlyt, and father of the minor plaintiffs, was killed as the result of the collapse of a portion of one of the walls of the trench. The amended complaint, *inter alia,* alleged that in violation of the Structural Work Act defendant failed to provide or erect "safe, suitable and proper stays, supports, shorings or other mechanical contrivances" in the trench in which the deceased was working.

Defendant's motion raised the single issue that a trench is not a "structure" within the meaning of the Structural Work Act, the trial court allowed the motion on that sole ground and we agree with the appellate court that "The narrowly defined issue is whether the decedent, killed by the collapse of a trench, in which he was installing sewer tiles in connection with town house units under construction by defendant, was working on or about a 'house, building *** or other structure' within the meaning of the act." (125 Ill. App. 2d 290, at 292.) We further agree with the appellate court that we are not "compelled to decide the instant case upon a question whether the ditch or excavation which collapsed was itself a 'structure.' The plaintiffs' decedent was working upon a sewer system which we clearly conceive to be a 'structure'

under the Structural Work Act either considered by itself or as an integral part of the buildings being erected on a construction site." 125 Ill. App. 2d 290, at 295.

In *Louis v. Barenfanger, 39 Ill.2d 445,* this court held that a failure to provide scaffolding can be the basis for a cause of action under the Structural Work Act, and in *Miller v. DeWitt, 37 Ill.2d 273,* the court specifically approved the holding of the appellate court that shoring is within the purview of the Act and a cause of action may be based on the inadequacy of the shores provided. (37 Ill.2d 273, at 286.) The statutory provision for the use of the equipment (Ill. Rev. Stat. 1967, ch. 48, par. 60) requires its use "in the erection *** of any house *** or other structure" and its directive that the devices or contrivances be erected and constructed in a "safe, suitable and proper manner, and shall be so erected and constructed, placed and operated as to give proper and adequate protection to the life and limb of any person or persons employed or engaged thereon" is limited in its application neither to certain areas of the structure nor by the fact that the work is being performed above or below ground.

The appellate court correctly held that the amended complaint stated a cause of action. The judgment of the appellate court, remanding the cause to the circuit court of Du Page County for further proceedings, is affirmed.

*Judgment affirmed.*