STEPHEN L. BISHOP, Plaintiff-Appellant, v. THE MITCHELL GROUP, INC., *et al.*, Defendants-Appellees.

Fifth District   No. 5—86—0702

Opinion filed December 2, 1987.

HARRISON, J., dissenting.

Bruce D. Stewart, of Bruce D. Stewart & Associates, and Glenn A. Murphy, both of Harrisburg, for appellant.

Richard C. Cochran, of Cochran & Jordan, of Fairfield, for appellee Harlan Gerrish.

Bill E. Davis, of Brownsville, Texas, for appellee The Mitchell Group, Inc.

PRESIDING JUSTICE KARNS delivered the opinion of the court:

On June 11, 1986, Stephen L. Bishop filed a multicount complaint in the circuit court of White County seeking damages for injuries he sustained when he fell from an oil drilling rig. Count I of the complaint was directed against The Mitchell Group, Inc. (hereinafter Mitchell Group), the owner of the well, and Harlan Gerrish, a petroleum geologist hired to oversee the drilling of the well, charging them with numerous violations of the Illinois Structural Work Act (Ill. Rev. Stat. 1985, ch. 48, pars. 60 through 69). The trial court granted Mitchell Group's motion to dismiss count I of the complaint with prejudice, ruling the oil rig was portable, movable personal property and not a "structure" within the meaning of the Structural Work Act. The court found there was no just reason to delay enforcement or appeal and this appeal followed. 107 Ill. 2d R. 304(a).

Stephen Bishop was employed as a derrick hand by George N. Mitchell Drilling Co., Inc. (hereinafter Mitchell Drilling). Mitchell Drilling had been hired by Mitchell Group to drill a well at the William LaMont No. 1 well site. On June 12, 1984, Mitchell Drilling was conducting a procedure known as a "drill stem test," which required a derrick hand to ascend partway up the drilling rig to a platform known as the "double boards." Bishop was in the process of ascending to this platform when he fell approximately 55 feet to the steel rotary table at the bottom of the rig, sustaining severe and permanent injuries. Unquestionably, oil field work by its nature is danger-

ous, and the activity in which plaintiff was engaged at the time of his injury was highly dangerous. (Surprisingly, this appears to be a case of first impression involving oil well drilling rigs.) This fact alone, however, is not sufficient to bring the work within the scope of the Act.

The sole issue on appeal is whether an "oil drilling rig" or an "oil well" is a "structure" within the meaning of the Structural Work Act. While the nature of the oil drilling rig was necessarily determined on motion to dismiss, a procedure we have heretofore criticized (*Longust v. Peabody Coal Co.* (1986), 151 Ill. App. 3d 754, 502 N.E.2d 1096), the parties are in agreement that there is no factual dispute regarding the rig and have not questioned the propriety of the procedure employed.

The relevant section of the Act (Ill. Rev. Stat. 1985, ch. 48, par. 60) refers to "all scaffolds, hoists, cranes, stays, ladders, supports, or other mechanical contrivances, erected or constructed by any person, firm or corporation in this State for use in the erection, repairing, alteration, removal or painting of any house, building, bridge, viaduct, *or other structure.*" (Emphasis added.) While the Structural Work Act is to be liberally construed, the Illinois Supreme Court has by the application of the doctrine of *ejusdem generis* limited its application to structures like those enumerated in the statute, that is, houses, buildings, bridges and viaducts. (*Innis v. Elmhurst Dodge, Inc.* (1985), 107 Ill. 2d 151, 155, 481 N.E.2d 709, 711; *Farley v. Marion Power Shovel Co.* (1975), 60 Ill. 2d 432, 435-37, 328 N.E.2d 318, 320.) For the following reasons, we conclude that neither an oil drilling rig nor an oil well is a "structure" within the meaning of the Structural Work Act.

Plaintiff relies on the cases of *Warren v. Meeker* (1973), 55 Ill. 2d 108, 302 N.E.2d 54, and *Burke v. Illinois Power Co.* (1978), 57 Ill. App. 3d 498, 373 N.E.2d 1354, to support his contention that an oil drilling rig is a structure within the meaning of the Act. In *Meeker*, our supreme court held that a grain silo was a structure. (*Meeker*, 55 Ill. 2d at 113, 302 N.E.2d at 57.) In *Burke*, the appellate court held that a temporary pipeline system used for pumping sludge to a reclamation site was a structure within the meaning of the Structural Work Act. (*Burke*, 57 Ill. App. 3d at 516-17, 373 N.E.2d at 1371.) We do not find either of these cases analogous to the one at hand. In *Meeker*, the defendant's argument that the grain bin was not a structure was based upon the lease, which described it as personalty and gave Meeker the right to remove it in the event of a breach; however, the structure was attached to a permanent, concrete foundation and the court found the bin sufficiently like the structures set out in the

Act. The pipeline system in *Burke*, while not intended to be permanent, was intended to be used for the entire duration of the reclamation project, was connected to buildings and could hardly be characterized as "mobile."

We find the cases of *Farley v. Marion Power Shovel Co.* (1975), 60 Ill. 2d 432, 328 N.E.2d 318, and *Bullistron v. Northern Builders, Inc.* (1984), 127 Ill. App. 3d 242, 468 N.E.2d 1281, more on point. In *Farley*, the court held that a mobile, self-propelled power shovel was not a structure as defined in the Structural Work Act. In *Bullistron*, a truck-mounted drilling rig was held not to be a "structure." The oil drilling rig in this case is much more akin to the power shovel in *Farley* and the truck-mounted rig in *Bullistron*. An oil drilling rig is by its very nature a mobile device designed to be moved from location to location. While plaintiff would distinguish *Farley* and *Bullistron* on the basis that the power shovel and truck-mounted drilling rig were not only mobile, personal property, but were also self-propelled, unlike the oil rig present here, we believe this to be a distinction without substance. As we read the recent supreme court decisions, we are persuaded the supreme court will not apply the Act to moveable, personal property. (*Innis v. Elmhurst Dodge, Inc.* (1985), 107 Ill. 2d 151, 155, 481 N.E.2d 709, 711.) We find it difficult to place the drilling rig in the same category as houses, buildings, bridges or viaducts. We hold, therefore, that an oil drilling rig is not a structure within the meaning of the Structural Work Act.

We also find unpersuasive plaintiff's argument that an oil drilling rig is sufficiently similar to the items enumerated in section 5 of the Act to make it a "structure" within the meaning of the Act. Section 5 of the Act extends applicability of the Act to "[a]ny person, firm or corporation in this State, hiring, employing or directing another to perform labor of any kind, in the erecting, repairing, altering or painting of any water pipe, stand pipe, smoke stack, chimney, tower, steeple, pole, staff, dome or cupola." (Ill. Rev. Stat. 1985, ch. 48, par. 64.) Plaintiff bases his argument on *Halberstadt v. Harris Trust & Savings Bank* (1973), 55 Ill. 2d 121, 302 N.E.2d 64. The court's rationale in *Halberstadt* was that the activity of window cleaning was sufficiently similar to erection, repairing, alteration, removal or painting to come within the purview of the Act. Likewise, plaintiff argues, an oil drilling rig is sufficiently akin to those items listed in section 5 of the Act, especially a "tower," to come within the purview of the Act. Support for plaintiff's theory can be found in *Spiezio v. Commonwealth Edison Co.* (1968), 91 Ill. App. 2d 392, 235 N.E.2d 323, where the court held that a steel column, while not expressly enumer-

ated in section 5 of the Structural Work Act, was sufficiently similar to a tower, steeple, pole or staff to be covered by the Act. We conclude, however, that an oil drilling rig, which is routinely moved as a part of its normal use, is not sufficiently similar to those items listed in section 5 of the Act to be covered by it.

Plaintiff also maintains that the oil well itself is a "structure" within the meaning of the Act, citing *Navlyt v. Kalinich* (1972), 53 Ill. 2d 137, 290 N.E.2d 219, where the supreme court held that a sewer system consisting of an interconnected group of pipes was itself a structure within the meaning of the Act. In this case, however, we are dealing with the drilling of a single hole by a movable drilling rig, not an interconnected system of pipes. We do not consider a single hole in the ground to be a "structure" within the meaning of the Act. Plaintiff also cites *Simmons v. Union Electric Co.* (1984), 104 Ill. 2d 444, 473 N.E.2d 946. There, the court held that an ashpit housing sump pumps was a "structure" in and of itself. We think this case is distinguishable, however. In *Simmons*, the ashpit, itself a concrete building, was a structure that could be descended by ladder.

For the aforementioned reasons, the judgment of the circuit court of White County is affirmed.

Affirmed.

WELCH, J., concurs.

JUSTICE HARRISON, dissenting:

I respectfully dissent.

Defendant's motion to dismiss does not designate the provision of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 1—101 *et seq.*) pursuant to which the motion was brought. On its face, the motion appears to fall under section 2—615 of the Code (Ill. Rev. Stat. 1985, ch. 110, par. 2—615), which allows for a motion to dismiss for failure to state a cause of action. However, because plaintiff admitted certain facts outside the allegations of the complaint and the court considered these admissions, the motion was before the trial court as if it were a motion for summary judgment. The parties do not contest the procedure employed to bring this matter to the attention of the trial court, which concluded that the oil drilling rig is portable, movable personal property and thus is not a structure under the Structural Work Act (Ill. Rev. Stat. 1985, ch. 48, pars. 60 through 69). I do not accept the premise that simply because the rig here is portable or movable it cannot be a structure.

The record reveals few details regarding the characteristics of the oil rig. The complaint alleges plaintiff fell 55 feet, so the rig is at least that high while in use. The parties agree it is portable and that it must be disassembled in order to be moved, but the record does not indicate how long it takes to assemble or disassemble the rig or how the rig is affixed to the drilling site. However, plaintiff, as the party opposing the motion, is entitled to all reasonable inferences from the record (*McCarthy v. Johnson* (1983), 122 Ill. App. 3d 104, 107, 460 N.E.2d 762, 765), and defendant can only be granted summary judgment if its right thereto is clear and free from doubt. (*Motz v. Central National Bank* (1983), 119 Ill. App. 3d 601, 605, 456 N.E.2d 958, 961.) I cannot conclude defendant has shown this burden has been met. There is nothing in the record to indicate the oil rig is not of the same general character as the structures enumerated in section 1 of the Act (Ill. Rev. Stat. 1985, ch. 48, par. 60). I do not agree with the majority that this case is analogous to *Farley v. Marion Power Shovel Co.* (1975), 60 Ill. 2d 432, 328 N.E.2d 318, or *Bullistron v. Northern Builders, Inc.* (1984), 127 Ill. App. 3d 242, 468 N.E.2d 1281. The self-propelled power shovel in *Farley* and the truck-mounted drilling rig in *Bullistron* were by their nature mobile and more easily movable than the oil rig in this case. The parties agree here that the rig must be "set up" and "taken down." It is not part of a vehicle. Although the rig is movable, plaintiff is entitled to the inference that when it is not being moved but is in place at the site of an oil well it has the same general characteristics as the structures enumerated in section 1 of the Act. I believe the present case is more akin to *Warren v. Meeker* (1973), 55 Ill. 2d 108, 302 N.E.2d 54, where our supreme court held that a grain silo was a structure within the meaning of the Structural Work Act, even though the silo was movable and the lease labeled the silo as personal property. (55 Ill. 2d at 113, 302 N.E.2d at 57.) Furthermore, in *Burke v. Illinois Power Co.* (1978), 57 Ill. App. 3d 498, 516-17, 373 N.E.2d 1354, 1371, the court held that sewer pipes constituted a structure even though the pipes were to be moved after the completion of a specific job. Thus, the fact the oil drilling rig in the present case is movable does not mean it is not a structure. I note that even some buildings designed for temporary use can be portable or movable in the sense that they can be fairly easily assembled and disassembled and moved from place to place, but would submit it cannot be argued that these buildings are not structures within the meaning of the Act simply because they are portable or movable. Furthermore, the majority's reliance on *Innis v. Elmhurst Dodge, Inc.* (1985), 107 Ill. 2d 151, 156, 481 N.E.2d 709, 711, for the proposition

that the Structural Work Act does not apply to movable personal property is also misplaced. In *Innis*, the alleged structure was an air compressor located on a platform inside a building. The oil rig here is not akin to the air compressor in *Innis*.

Finally, I also cannot concur in the majority's conclusion that the oil well itself is not a "structure." As the majority acknowledges, the decisions in *Navlyt v. Kalinich* (1972), 53 Ill. 2d 137, 138-39, 290 N.E.2d 219, 220, and *Burke v. Illinois Power Co.* (1978), 57 Ill. App. 3d 498, 516-17, 373 N.E.2d 1354, 1371, hold that a sewer system with pipes running underground does constitute a structure. An oil well is a system of pipes as well, and the fact this system is primarily vertical rather than horizontal does not affect its character as a structure.

For these reasons, I would reverse the order of the trial court and remand for further proceedings.