STEVEN HEIL, Plaintiff-Appellant, v. THE SUPERIOR OIL COMPANY *et al.*, Defendants-Appellees.

First District (5th Division) No. 1—87—3044

Opinion filed April 14, 1989.

Thomas D. Fazioli, of Paul B. Episcope, Ltd., of Chicago, for appellant.

Barry M. Lewis, of Henry B. Gurion & Associates, of Chicago, for appellee Superior Oil Company.

Haskell & Perrin, of Chicago (Stephen O. Sonderby, of counsel), for appellee O.H. & F., Inc.

PRESIDING JUSTICE MURRAY delivered the opinion of the court:

Plaintiff Steven Heil appeals, pursuant to Supreme Court Rule 304(a) (107 Ill. 2d R. 304(a)), from entry of summary judgment for defendants, Superior Oil Company (Superior) and O.H. & F., Inc., and from an order denying him leave to amend his complaint. These orders concern several counts of plaintiff's complaint charging violations of the Illinois Structural Work Act (Act) (Ill. Rev. Stat. 1983, ch. 48, par. 60 *et seq.*) by defendants. Other counts based on negligence are still pending in the trial court and are not a part of this appeal.

Plaintiff was employed by Garden Drilling Company (Garden) as a worker to construct a permanent oil well system which was to be used for the exploration and production of oil. Garden, a subcontractor, contracted with Superior, who was the general contractor, to construct the permanent oil well system. Superior was required to supply certain materials, including the casing known as "surface pipes." Superior also made a contract with subcontractor O.H. & F. which, among other things, required O.H. & F. to deliver materials to the jobsite.

On July 1, 1981, plaintiff was a derrick hand on a Garden drill rig crew and was injured while helping to unload surface pipes from an

O.H. & F. flatbed trailer at the site. The pipes, each weighing approximately 1,600 pounds, were rolled off the truck by means of boards from the construction site being placed up from the ground to the bed of the truck. One of the boards broke causing a pipe to fall, thus injuring plaintiff.

In April 1983, plaintiff filed his complaint, two counts of which alleged violations of the Structural Work Act by both defendants. Defendants filed motions for summary judgment. The trial court granted the motions on the grounds that the structures involved were not structures within the meaning of the Act, that O.H. & F. did not have charge of the relevant activity, and that plaintiff was not engaged in a structural activity at the time of his injury. Plaintiff then moved for leave to file an amended complaint, which motion was denied by the court. Plaintiff filed this interlocutory appeal from both orders.

On appeal, plaintiff contends that the surface pipes were part of an "other structure" within the meaning of the Structural Work Act, the unloading of the pipes was an extrahazardous activity integral to the erection operation of the structure, there is a question of fact as to whether O.H. & F. was required to furnish unloading equipment absent a request by Superior, and it was error to deny him leave to amend his complaint. We affirm the trial court for the following reasons.

■ Summary judgment is appropriate in Structural Work Act cases where the facts are not disputed and the court determines that the statute is inapplicable as a matter of law to those facts. (*Wellston v. Levy Organization, Inc.* (1988), 175 Ill. App. 3d 301.) In the present case, the propriety of summary judgment depends on the critical issue of whether an oil well is a structure within the meaning of the Act. Section 1 of the Act provides in pertinent part:

> "[A]ll scaffolds, hoists, cranes, stays, ladders, supports, or other mechanical contrivances, erected or constructed by any person, firm or corporation in this State for the use in the erection, repairing, alteration, removal or painting of any house, building, bridge, viaduct, *or other structure*, shall be erected and constructed, in a safe, suitable and proper manner, and shall be so erected and constructed, placed and operated as to give proper and adequate protection to the life and limb of any person or persons employed or engaged thereon, or passing under or by the same, and in such manner as to prevent the falling of any material that may be used or deposited thereon." (Emphasis added.) Ill. Rev. Stat. 1983, ch. 48, par. 60.

Although the Act's provisions are to be liberally construed, it was not intended to cover any and all construction activities. (*Vuletich v.*

*United States Steel Corp.* (1987), 117 Ill. 2d 417.) Whether an object falls within the ambit of the Act is a troublesome question for our courts, as evidenced by the varying and sometimes inconsistent conclusions reached by them. Plaintiff claims that since the subsurface pipes were to be permanently installed as part of a permanent oil well, the oil well system should be included within the statutory term "other structures." It is undisputed that the only permanent part of an oil well is the surface pipe. In this case, the surface pipes were 40-foot lengths of metal pipes that were 9⅝ inches in diameter. The pipes were to be pushed vertically into the upper portion of the exploratory hole and then cemented in place. In other words, surface pipe is a lining for the upper portion of mineral wells which is statutorily required to prevent, among other things, contamination of the surface soil and/ or water supplies. See Ill. Rev. Stat. 1987, ch. 96½, par. 5409.

 The elements of a cause of action under section 1 of the Structural Work Act are (1) the device involved must be one listed in the Act, *e.g.*, scaffold, support; (2) it must be used to complete the building or other structure within the Act; (3) it must be unsafe, or not safely placed or operated (or there must be a failure to provide such a device); (4) those in charge of the work must have wilfully violated the Act; and (5) plaintiff's injury must have been proximately caused by the violation. (*Ashley v. Osman & Associates, Inc.* (1983), 114 Ill. App. 3d 293.) Plaintiff was engaged in the task of unloading pipes to be installed as part of the oil well when he was injured. It has been held that failure to provide proper support for the unloading of heavy equipment to be installed as part of a structure could, under certain circumstances, be a protected activity under the Act. (See *McNellis v. Combustion Engineering, Inc.* (1974), 58 Ill. 2d 146; *Ashley*, 114 Ill. App. 3d 293; but *cf. Carnevale v. Inland Ryerson Building Systems* (1988), 169 Ill. App. 3d 740 (no cause of action for failure to provide ramp over steel bar joists upon which plaintiff fell while carrying pipes to his work site).) However, the support, or lack thereof, must occur in connection with work on a building, etc. or *other structure* as specified by section 1 of the Act. In other words, the unloading must be an integral part of the entire operation of erecting, repairing, etc. the structure. (*McNellis*, 58 Ill. 2d at 151.) Therefore, it is necessary to determine whether the oil well is a structure within the meaning of the Act.

This question was recently addressed by the fifth district in *Bishop v. The Mitchell Group, Inc.* (1987), 163 Ill. App. 3d 275, wherein a derrick hand fell off a drilling rig. The sole issue on appeal was whether a drilling rig *or* an oil well is a structure within the Act. The court concluded that neither was such a structure. The *Bishop* court distin-

guished many of the same cases relied on by plaintiff in the present case. We will not set forth all the cases here, but will mention only several of those applicable to the present situation.

In essence, the *Bishop* court found that an oil well is not a structure because it is a single hole in the ground and is not an interconnected system of pipes. (*Bishop*, 163 Ill. App. 3d at 279.) Plaintiff contends that the dissenting opinion in *Bishop* is correct when it cites *Navlyt v. Kalinich* (1972), 53 Ill. 2d 137, and *Burke v. Illinois Power Co.* (1978), 57 Ill. App. 3d 498, for the proposition that an oil well is a system of pipes and that the pipes are vertical, rather than horizontal, should not affect its classification as a structure. *Bishop*, 163 Ill. App. 3d at 281.

We agree with the *Bishop* majority. In *Navlyt*, a worker was buried when a 10-foot sewer trench collapsed as he was installing sewer tiles. The court held that the sewer system was an "other structure." (*Navlyt*, 53 Ill. 2d 137.) In the *Burke* case, an extensive pipeline temporarily installed to carry sludge from a factory to a reclamation site was considered similar enough to the sewer system in *Navlyt* so as to be a structure. (*Burke*, 57 Ill. App. 3d 498.) In our case, we're discussing a very small (9⅝ inches diameter) pipe pushed into a hole so that the pipe merely acts as a liner for the top portion of the hole. The lined hole does not support anything nor is it connected to anything except, perhaps tangentially, to the drilling apparatus. It is not an enclosure that one could enter into or egress from. We do not believe that this simple system consisting of a small hole lined with pipe is analogous to the more extensive and elaborate systems involved in the other cases cited by plaintiff. Since the oil well was not a structure within the meaning of the Act, the task of unloading materials for the well was not a protected activity under the Act.

Accordingly, the granting of summary judgment on the Structural Work Act counts was appropriate, and it is thus unnecessary to determine which defendant was in charge of the work. In addition, since plaintiff, as a matter of law, has no cause of action under the Act, the trial court's refusal to permit him to amend his complaint was well within its discretion.

For the foregoing, we affirm the trial court.

Affirmed.

LORENZ and PINCHAM, JJ., concur.