MARVIN HUGHES, Plaintiff-Appellant, v. TAYLOR ELECTRIC COMPANY *et al.*, Defendants-Appellees.

First District (2nd Division)   No. 1—88—0155

Opinion filed May 23, 1989.

Thomas D. Fazioli, of Paul B. Episcope, Ltd., of Chicago, for appellant.

Ian M. Sherman and William J. Barath, both of Rooks, Pitts & Poust, of Chicago, for appellee Shea-Kiewit.

Donald J. O'Brien, Jr., and Michael W. Rathsack, both of Chicago, for appellee Taylor Electric Company.

PRESIDING JUSTICE BILANDIC delivered the opinion of the court:

This matter arises out of an injury suffered by plaintiff, Marvin Hughes, in connection with the construction of the Deep Tunnell project. The general contractor for the project was Shea-Kiewit, a joint venture, and Shasta Electric, Inc., and Taylor Electric Co., the electrical subcontractors.

On the date of the injury, plaintiff, an electrician, was instructed to proceed to the end of tunnel and hook up an electrical cable to the main distributor panel. The tunnel was 2½ miles long. A boring machine had dug out the tunnel while pulling behind it several trailing cars. The machine was now ready to begin its retreat backwards during which time a cement-pouring machine would pour concrete to shore the tunnel. The electrical cable which plaintiff was instructed to hook up would provide electricity to the cement-pumping machine.

The first trailing car behind the boring machine held the electrical distribution panel. The panel, contained in a metal cabinet, held the main electrical switch as well as the individual switches. According to plaintiff, the top switch was approximately six feet, five inches from the floor of the trailing car. Plaintiff stands approximately six feet tall.

Plaintiff stated in his deposition that the switch he needed to work on was the top switch, and thus, over his head. He stated that he should have had a ladder to raise himself to the proper elevation. Although Shasta supplied some ladders for electricians' use, they were frequently unavailable. Plaintiff's search for a ladder was unsuccessful. He proceeded to the distribution panel, opened the metal cabinet, and removed the insulation. Five live switches were exposed. He turned the power off on the top switch. Plaintiff began to loosen the Allen screws which held the electric cables in place using an Allen wrench of approximately five to six inches in length. As he forced the wrench with his left hand, the wrench slipped and touched the live switch located immediately below. Plaintiff's right hand was on the metal cabinet. Thus, he received an electrical shock as the current

traveled from the switch to the metal cabinet via his arms and shoulders. Plaintiff dropped his weight to the floor to free himself from the current.

Plaintiff's action against defendants alleges negligent conduct and violations of the Structural Work Act (Ill. Rev. Stat. 1985, ch. 48, par. 60 *et seq.*) in failing to provide proper support. Defendants filed a motion for summary judgment alleging that failure to provide a ladder was not a proximate cause of the injury sustained and, additionally, that plaintiff's activity is not covered under the Structural Work Act. The trial court granted the motion for summary judgment as to count I, dealing with the Structural Work Act (the Act).

■■ The Act is designed to protect work activities of a hazardous nature and to lessen the extent of any danger. (*Halberstadt v. Harris Trust & Savings Bank* (1973), 55 Ill. 2d 121, 127, 302 N.E.2d 64.) Even though the Act was not promulgated to protect every person in every situation, the Illinois courts have mandated that the Act should be liberally construed to carry out its legislative purpose. (*Simmons v. Union Electric Co.* (1984), 121 Ill. App. 3d 743, 751, 460 N.E.2d 28, *aff'd* (1984), 104 Ill. 2d 444, 459, 473 N.E.2d 946.) The Act provides in pertinent part:

> "Any owner, contractor, sub-contractor *** having charge of the erection, construction *** of any building, bridge, viaduct or other structure within the provisions of this act, shall comply with all the terms thereof ***." (Ill. Rev. Stat. 1985, ch. 48, par. 69.)

The Act further provides:

> "That all scaffolds, *** ladders, supports *** erected or constructed by any person, firm or corporation *** for the use in the erection *** of any *** structure, shall be erected and constructed, in a safe, suitable and proper manner, and shall be so erected and constructed, placed and operated as to give proper and adequate protection to the life and limb to any person *** employed or engaged thereon ***." Ill. Rev. Stat. 1985, ch. 48, par. 60.

## I

Defendants assert that plaintiff was not working on a "structure" at the time of the injury. They assert that he was "merely connecting an electrical cable to a movable electrical distribution panel connected to a large tunnel-boring machine." We disagree.

■■ The term "structure" as used in the Act is subject to flexibility. (*Simmons v. Union Electric Co.* (1984), 104 Ill. 2d 444, 473

N.E.2d 946.) We are not compelled to decide this case upon whether the movable trailing car was itself a "structure." (See *Navlyt v. Kalinich* (1972), 53 Ill. 2d 137, 290 N.E.2d 219; *Keyser v. Metropolitan Sanitary District* (1987), 165 Ill. App. 3d 696, 520 N.E.2d 678, *appeal denied* (1988), 121 Ill. 2d 571.) Plaintiff was injured while working on the construction of a tunnel within that tunnel. It is undisputed that excavation of a tunnel is the construction of a structure within the meaning of the Act. (165 Ill. App. 3d at 698.) Thus, we find that the Deep Tunnel where plaintiff was injured was a structure as used in the Act.

## II

■ In order to establish a Structural Work Act claim, the plaintiff must also show that he or she was engaged in a structural activity. (*St. John v. City of Naperville* (1982), 108 Ill. App. 3d 519, 522, 439 N.E.2d 12.) In determining whether one is involved in a covered activity within the structure, courts attempt to ascertain whether the actions of the plaintiff were connected with and significantly furthered one of the activities enumerated in the Act. (*Simmons v. Union Electric Co.* (1984), 121 Ill. App. 3d 743, 751, 460 N.E.2d 28, *aff'd* (1984), 104 Ill. 2d 444, 473 N.E.2d 946.) Defendants assert that plaintiff was not involved in a structural activity at the time of the occurrence, but "simply performing electrical work on the machine."

■ In the instant case, plaintiff was hooking up a cement pump to an electrical distribution panel. This was for the purpose of supplying power to the cement pumper, which would be used by co-workers to pump cement into the tunnel's support system. It was an essential activity to completion of the tunnel. Clearly, plaintiff's actions were connected with and significantly furthered the construction of the Deep Tunnel. Therefore, we find that plaintiff was involved in a "covered activity."

## III

■ Plaintiff must also prove that defendants' violation was a proximate cause of his injury to state a cause of action under the Act. (*Fisher v. Crippen* (1986), 144 Ill. App. 3d 239, 493 N.E.2d 1204.) It is a well-established rule in Illinois that questions of proximate cause are questions of fact for the jury. *Ney v. Yellow Cab Co.* (1954), 2 Ill. 2d 74, 84, 117 N.E.2d 74.

■ Defendants assert, however, that the absence of the ladder was not a proximate cause of the injury suffered by plaintiff. They assert that plaintiff presented no evidence to show that the movement

of the wrench had anything to do with the support or lack of support. This assertion is misplaced.

The following discourse occurred at plaintiff's deposition:

"Q. Okay. Mr. Hughes, *** in your own mind can you tell us what you feel the causes of your accident were?

A. The height of the circuit breaker is one factor. The inability to use muscular force correctly due to not being at a correct work height, and slipping as a result of these factors.

Q. You mean slipping with the Allen wrench?

A. Yes.

* * *

Q. What do you feel should have been done to remedy the situation with the height of the circuit breaker?

A. I should have had the correct type of a ladder to stand on to work at the correct elevation."

As previously stated, a question of fact as to proximate cause is for the jury to decide. Plaintiff's testimony clearly established a material issue of fact as to whether the lack of support contributed to his injury. Thus, we will not usurp the jury's function by withdrawing this question.

In light of the foregoing, we find that plaintiff was engaged in an extrahazardous structural activity within a "structure" under the Structural Work Act. Further, we find that a genuine issue of material fact exists as to proximate cause which is for a jury to decide.

For the foregoing reasons, the judgment of the circuit court of Cook County is reversed and this cause remanded for further proceedings consistent with the views expressed herein.

Reversed and remanded.

HARTMAN and SCARIANO, JJ., concur.