OPINION
This appeal is taken by Defendant-Appellant Steven M. Pack from the judgment of the Court of Common Pleas of Auglaize County finding him guilty on seven counts including complicity to robbery, complicity to aggravated burglary, complicity to kidnapping, complicity to assault, complicity to theft, complicity to burglary and sentencing him to a total of thirty-two years with the Ohio Department of Rehabilitation and Corrections.
In December 1999, the Auglaize County Sheriff's Office received two reports of burglary and one of attempted burglary from residents in Auglaize County. Upon receipt of these reports the Sheriff's Office launched a full investigation. The continuing investigation lead to the arrest of several suspects including appellant, Stephen Pack.
On January 10, 2000, Pack was indicted on eleven counts including one count of aggravated robbery, one count of kidnapping, one count of felonious assault, three counts of theft, one count of vandalism, two counts of burglary and one count of attempted burglary. Subsequently a warrant was issued on the indictment and Pack was brought before the court for a bond hearing. The trial court set bond for Pack in the amount of 1.5 million dollars.
On January 14, 2000, Pack pleaded not guilty on all counts contained in the indictment and the matter was set for trial. On February 15, 2000, in compliance with Pack's discovery requests the State filed a bill of particulars. After several more discovery motions the case proceeded to trial. On March 10, 2000, the jury returned its verdict finding Pack guilty on seven counts of the indictment including complicity to commit robbery, complicity to commit aggravated burglary, complicity to commit kidnapping, complicity to commit assault, complicity to commit theft, complicity to commit burglary and complicity to commit theft. On May 4, 2000, the trial court sentenced Pack to an aggregate term of thirty-two years in prison.
On appeal from that judgment Pack presents the following four assignments of error:
 It was a violation of Appellant's Constitutional Rights to have bail set at 1.5 million dollars.
 The trial court erred when it found Alfred Heinrich's house to be an occupied structure under Ohio Revised Code Section 2911.12(A)(2).
 The trial court erred when it failed to merge the charges of kidnapping (Count III) and Robbery (Count I as reduced by the jury).
Appellant was denied effective assistance of counsel.
First it must be noted that Pack's first and second assignments of error are moot. In his first assignment of error Pack claims that the trial court erred in violation of his constitutional rights when it set his bond at 1.5 million dollars. In Ohio it is well settled that habeascorpus is the appropriate remedy to raise the claim of excessive or inappropriate bail in pre-trial release cases. Jenkins v. Billy (1989),43 Ohio St.3d 84, 537 N.E.2d 1045; State v. Bevacqua (1946),147 Ohio St. 20, 67 N.E.2d 736. Therefore, Pack's first assignment of error is moot.
In his second assignment of error Pack claims that the trial court erred when it found Heinrich's home to be an occupied structure under R.C. 2911.12(A)(2). However, the record does not support this contention. In fact, the record reveals that Pack was found not guilty on Count Ten of the Indictment charging the burglary of Heinrich's home. Therefore, Pack's second assignment of error is also without merit.
In his third assignment of error Pack claims that the trial court erred when it failed to merge the charges of Kidnapping (Count III) and Robbery (Count I) because the offenses were not committed with separate animus. Specifically, Pack claims that the trial court should have merged the two crimes because of their similar animus even though his attorney failed to make a motion for the merger of the two crimes. In the alternative, in his last assignment of error Pack argues that the failure of counsel to make a motion for merger constitutes a violation of Pack's right to effective assistance of counsel. Because Pack makes additional arguments with respect to his denial of effective assistance of counsel we will address the assignment separately.
In his third assignment of error Pack argues that the trial court erred because it failed to merge the kidnapping and robbery convictions. The record reveals that Pack failed to raise the issue of "merger" at trial and Pack does not contest this.
It is well settled that failure to raise the issue of allied offenses of similar import at the trial level constitutes a waiver of the issue on appeal absent a showing of plain error. State v. Comen (1990),50 Ohio St.3d 206, 211, 553 N.E.2d 640; State v. Powell (1993),87 Ohio App.3d 157, 169, 621 N.E.2d 1328. "A `plain error' committed by a trial court and reviewable on appeal, is an obvious error shown by the record which is prejudicial to an accused, although neither objected to nor affirmatively waived, which, if allowed to stand would have substantial adverse impact on the integrity of and public confidence in the judicial proceedings." State v. Craft (1977), 52 Ohio App.2d 1,367 N.E.2d 1221 at paragraph one of the syllabus. Therefore, in order to show that the trial court erred by failing to merge the crimes of kidnapping and robbery Pack must show that the error prejudiced the outcome of the proceedings.
The allied offense statute, R.C. 2941.25, prohibits multiple convictions:
 Where the same conduct by the defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
 Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of same or similar kind committed separately or with separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.
 In order to determine whether a defendant has been convicted of alliedoffenses of similar import, we look to the two-part test set forth inState v. Blankenship (1988), 38 Ohio St.3d 116, 117, 526 N.E.2d 816,817, in which the Supreme Court held:
 In the first step, the elements of the two crimes are compared. If the elements of the offenses correspond to such a degree that the commission of one crime will result in the commission of the other, the crimes are allied offenses of similar import and the court must then proceed to the second step. In the second step, the defendant's conduct is reviewed to determine whether the defendant can be convicted of both offenses. If the court finds either that the crimes were committed separately or that there was a separate animus for each crime, the defendant may be convicted of both offenses.
If the first step is not met, then the second step need not be considered. However, in the event the court concludes that the elements correspond, the court then examines whether the crimes were committed with separate conduct or a separate animus. If the court finds that the crimes were committed with separate animus, the defendant can be convicted of both offenses. Only if the same conduct supports both offenses or if the court finds that the defendant had a single animus for both offenses, are the offenses found to be allied offenses of similar import.
To determine whether the defendant had a separate animus for bothoffenses when one of those offense is kidnapping, the court must applythe test set for in State v. Logan (1979), 60 Ohio St.2d 126,397 N.E.2d 1345, syllabus, to determine: (a) whether the "restraint ormovement of the victim is merely incidental to a separate underlyingcrime" indicating a single animus for both offenses; and (b) whether themovement or "restraint of the victim subjects the victim to a substantialincrease in risk of harm separate and apart from that involved in theunderlying crime, there exits a separate animus as to each defensesufficient to support separate convictions."
Pursuant to the test set forth by the Supreme Court of Ohio inBlankenship, we must first compare the elements of the two offenses.State v. Rance (1999), 85 Ohio St.3d 632, 637, 710 N.E.2d 699. In the case sub judice, Pack was convicted on one count of complicity to commit kidnapping, a violation of R.C. 2905.01(A)(2) and one count of complicity to commit robbery, a violation of R.C. 2911.02(A)(2). Robbery is defined in pertinent part as:
 No person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall do any of the following:
 (2) Inflict, attempt to inflict, or threaten to inflict physical harm on another;
Kidnapping is defined in pertinent part as:
 No person, by force, threat, or deception, or in the case of a victim under the age of thirteen or mentally incompetent, by any means, shall remove another from the place where the other person is found or restrain the liberty of the other person, for any of the following purposes:
 (2) To facilitate the commission of any felony or flight thereafter;
This court has previously decided that Aggravated Robbery and Kidnapping are not necessarily allied offenses of similar import. State v. Lee
(Oct. 8, 1999), Hancock App. No. 5-99-20, unreported; State v. Parker
(1991), 72 Ohio App.3d 456, 594 N.E.2d 1033; State v. Dunn (Nov. 20, 1991). Marion App. No. 9-89-27, unreported; State v. West (April 13, 1995), Union App. No. 14-94-37, unreported; State v. Allen (March 1, 1988), Allen App. No. 1-86-11, unreported. Aggravated Robbery requires a deadly weapon to be on or about the person, or under the control of the accused. Kidnapping, on the other hand, does not require the presence of a deadly weapon. In State v. Lee we went on to state that Aggravated Robbery unlike Kidnapping does not contain an element of force, threat or deception.
Unlike Lee, in the case sub judice Pack was convicted of Robbery, which does contain an element of force, threat or deception much like Kidnapping. However, there are still several aspects of the crime that do not correspond. Specifically, the conduct that creates the culpability for Kidnapping under R.C. 2905.01(A)(2) must be for the purpose of facilitating the commission of a felony. However, the conduct proscribed by R.C. 2911.02(A)(2) includes theft offenses listed in 2913.01, many of which are misdemeanors. Thus, as we concluded in our previous opinions when comparing Aggravated Robbery and Kidnapping, an analysis of the elements of Robbery and Kidnapping, using the elements of the crimes contained in the statutes of which Pack was convicted, indicates the crimes are not allied offenses of similar import because we do not find sufficient similarity between the elements of the two crimes; the crimes do not correspond to such a degree that commission of one offense constitutes commission of another.
Having found that the elements of the crimes do not correspond, we need not discuss the second prong of the test, separate animus and therefore conclude that the trial court did not commit plain error by failing to merge Pack's convictions for Kidnapping and Robbery. Accordingly, Pack's third assignment of error is overruled.
In his final assignment of error Pack argues that he was denied effective assistance of counsel as guaranteed by the Federal and State Constitutions. In support of this contention Pack points to several errors made by his trial counsel including 1) failure to make a motion at the time of sentencing for merger of the charges of robbery and kidnapping; 2) Counsel's voir dire was unfocused and confusing; 3) Counsel's opening statement was wholly ineffective; 4) Defense counsel only objected to the admission of the tape procured by Uriah Cosgrove on the basis of relevancy, but there were other objections that could have been made as to the admissibility of the tape 5) Defense Counsel failed to make an effective argument in support of his motion for acquittal; and 6) Defense Counsel did not properly preserve his proposed jury instructions for appeal.
There is a two-prong test for determining the effectiveness of assistance of counsel. First, the attorney's performance must be deficient, falling below the objective standard of reasonable presentation. Second, there must be a reasonable probability that, but for counsel's errors, the result of the case would have been different.See State v. Bradley (1989), 42 Ohio St.3d 136, 142; Strickland v.Washington (1984), 466 U.S. 668, 687.
In determining whether counsel's representation fell below an objective standard of reasonableness, judicial scrutiny of counsel's performance must be highly deferential. Id. at 142. A reasonable probability is a probability sufficient to undermine the confidence in the outcome. Id. at 142. This standard of prejudice, which is far more solicitous of the defendant's rights than the plain error standard, guides our review of the proceedings below.
Packs' initial argument in support of his contention that he was denied effective assistance of counsel at trial is that trial counsel failed to move for merger of the charges of robbery and kidnapping. However, as previously stated, the elements of the two crimes do not correspond and therefore, the crimes could not be merged as a matter of law. Therefore, the failure of Pack's counsel to make such a motion for merger would not have prejudiced Pack, and thus, Pack's first argument is without merit.
Next Pack makes four specific arguments in favor of his contention that he was denied effective assistance of counsel at trial. Each argument concerns the methods of argument and questioning employed by Pack's trial counsel during voir dire and trial. Specifically, Pack claims that 1) Counsel's voir dire was unfocused and confusing; 2) Counsel's opening statement was wholly ineffective; 3) Defense Counsel failed to make an effective argument in support of his motion for acquittal and 4) Defense Counsel did not properly preserve the proposed jury instructions for appeal.
Despite his concerted effort to point to errors made by trial counsel that deprived him of effective assistance of counsel at trial, Pack fails to show how any of these supposed "methods" prejudiced the outcome of the case such that the outcome of the case would have been different. In fact, the record supports the opposite contention. For example, the record reveals that Pack's trial counsel not only questioned several jurors effectively but was able to dismiss the very jurors that Pack is now claiming his trial counsel "confused" or questioned in an "unfocused" manner.
Furthermore, it should be noted that all of the errors listed above, could be described as effective in defending Pack or as a reasonable trial tactic. The motives and method behind the actions of an attorney during trial are beyond the review of this court. Further, decisions such as refraining from giving opening statements, treatment of jurors and witnesses and refraining from multiple objections are all part of a lawyer's trial strategy. Thus this court cannot say that a strategic decision to defend a client in a certain fashion rises to the level of prejudice or unreasonableness required by the law.
Pack also argues that his trial counsel failed to provide him effective assistance because he only objected to the admissibility of the tape procured by Uriah Cosgrove on the basis of relevancy while there were other objections that could have been made to the admissibility of the tape including improper authentication of the tape and that the tape contained a conversation illegally obtained from an agent of the police. Furthermore, Pack argues that this tape was pivotal in securing his convictions and had it been inadmissible he would have been acquitted.
First, it should be noted that the tape was properly authenticated by Uriah Cosgrove the individual who made it. Second, at no time during his taped conversation with Pack was Cosgrove acting as an employee or agent of the police force. Finally, because Pack was neither in police custody nor being interrogated by the police, Pack's Fifth Amendment rights were not violated. Moreover, the Supreme Court of the United States had held that under these circumstances, Pack has no reasonable expectation of privacy and thus, his Fourth Amendment Right protecting him from unlawful search and seizure is not implicated. U.S. v. White (1971), 401 U.S. 745. Despite this, Pack urges this court to break new ground and extend his protections under the Fifth and Fourth amendments to include supposed "agents" of the police. We decline to do so. No prejudice having been shown, Pack's third argument is without merit.
No prejudice having been shown, Pack's final assignment of error is overruled and the judgment of the Court of Common Pleas of Auglaize County if affirmed.
HADLEY, P.J. and SHAW, concur.