LARA BERTETTO, A Minor, by and through her Parents and Next Friends, Randy Bertetto, *et al.*, Plaintiff-Appellant, v. SPARTA COMMUNITY UNIT DISTRICT NO. 140, Defendant-Appellee and Counterdefendant-Appellee (The City of Sparta, Defendant and Counterplaintiff-Appellant).

Fifth District No. 5—88—0323

Opinion filed September 27, 1989.—Rehearing denied November 1, 1989.

Jack A. Strellis, of Strellis, Faulbaum & Field, of Waterloo, for appellant Lara Bertetto.

Coppinger, Carter, Schrempf & Blaine, Ltd., of Alton, for appellant City of Sparta.

Stephen C. Buser, of Freeark, Harvey, Mendillo & Dennis, of Belleville, for appellee.

JUSTICE HARRISON delivered the opinion of the court:

Plaintiff, Lara Bertetto, and defendant-counterplaintiff, City of Sparta (the City), appeal from an order of the circuit court of Randolph County which dismissed with prejudice counts I and II of plaintiff's amended complaint and the City's second amended counterclaim for contribution. The circuit court entered its order pursuant to section 2—615 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—615) on the grounds that these pleadings failed to state a claim upon which relief could be granted. For the reasons which follow, we find that plaintiff's amended complaint did sufficiently allege claims for negligence and wilful and wanton misconduct and that the City's counterclaim likewise sufficiently stated a cause of action for wilful and wanton misconduct. We therefore reverse and remand for further proceedings.

■■ In ruling on a motion to dismiss, a court must accept as true all well-pleaded facts in the pleading attacked, as well as all reasonable inferences which can be drawn from those facts that are favorable to the pleader. (*Burks v. Matrix Vision of Wilmette, Inc.* (1988), 174 Ill. App. 3d 1086, 1087, 529 N.E.2d 642, 643.) A cause should not be dismissed on the grounds that the pleadings fail to state a cause of action unless, clearly, no set of facts could be proven under the pleadings which would entitle the plaintiff to relief. *Northrop Corp. v. Crouch-Walker, Inc.* (1988), 175 Ill. App. 3d 203, 212, 529

N.E.2d 784, 789.

The pleadings at issue here alleged that plaintiff suffers from a medical condition diagnosed as spinal muscle atrophy with scoliosis and that she is confined to a wheelchair. She was a student at the Sparta-Lincoln Attendance Center at 200 North St. Louis Street, Sparta, Illinois, which was owned and operated by the defendant Sparta Community Unit District No. 140 (the School District). On the other side of North St. Louis Street from the center was a playground which the School District also controlled and maintained.

The pleadings further alleged that on September 8, 1986, the School District transported plaintiff from the center to the playground in her wheelchair. That wheelchair had been entrusted to the District by plaintiff's parents. Although plaintiff's parents had advised the School District that plaintiff had to be secured in the wheelchair by her seat belt whenever she was moved, plaintiff's seat belt was not fastened on this occasion. One of plaintiff's classmates was allowed to push plaintiff along in the wheelchair, and as this was being done, the wheels of the wheelchair hit a "crevice," "thereby throwing the plaintiff with force and violence upon the pavement." As a result of this accident, plaintiff suffered numerous injuries, including a fractured right femur, bruises, contusions of the body and internal injuries.

In 1988, plaintiff, by her parents and next friends, filed a complaint in the circuit court of Randolph County to recover damages for the personal injuries she sustained in the September 8, 1986, accident. Plaintiff's complaint, as amended, was in three counts. Counts I and II were directed against the School District. Count I alleged negligence, and count II was premised on wilful and wanton misconduct. Count III was directed against the City of Sparta and alleged that the City had been negligent in failing to keep the walkway between the center and the playground in a reasonably safe condition for pedestrians and students; that it had permitted a "crevice" to "be and remain upon said walkway, thereby creating a dangerous condition"; and that it failed to repair the "crevice" in the walkway.

The City, in turn, filed a counterclaim against the School District for contribution. In its second amended counterclaim, the pleading at issue here, the City argued that it was entitled to contribution from the School District because the District was guilty of wilful and wanton misconduct.

The School District filed a motion pursuant to section 2—615 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—615) to dismiss counts I and II of plaintiff's amended complaint and

the City's second amended counterclaim for contribution on the grounds that those pleadings failed to state a claim upon which relief could be granted. Following a hearing, the School District's motion was granted, and counts I and II of the amended complaint and the second amended counterclaim for contribution were dismissed with prejudice. At the same time, the circuit court made an express written finding that there was no just reason for delaying an appeal. (Rule 304(a), Official Reports Advance Sheet No. 23 (eff. Jan. 1, 1989), 134 Ill. 2d R. 304(a).) Plaintiff and the City have each now appealed.

■ There is no dispute that the circuit court dismissed count I of plaintiff's amended complaint, which sought recovery from the School District based on negligence, only because the court believed that the District was immune from suit. We agree with plaintiff that this was error.

Under section 24—24 of the School Code, teachers stand in the relation of parents and guardians to pupils. (Ill. Rev. Stat. 1987, ch. 122, par. 24—24.) Teachers are therefore granted immunity from suits for negligence arising out of "matters relating to the discipline in and conduct of the schools and the school children." (*Kobylanski v. Chicago Board of Education* (1976), 63 Ill. 2d 165, 173, 347 N.E.2d 705, 709.) In *Gerrity v. Beatty* (1978), 71 Ill. 2d 47, 52-53, 373 N.E.2d 1323, 1326, however, our supreme court found that a school board may be subject to liability for negligence arising out of the furnishing of equipment for students. Two years later, in *Lynch v. Board of Education* (1980), 82 Ill. 2d 415, 434, 412 N.E.2d 447, 459, the court expressly held that "a school district has an affirmative duty, where students are engaging in school activities, whether they are extracurricular, or formally authorized as part of the school program, to furnish equipment to prevent serious injuries."

Count I of plaintiff's amended complaint in this case alleged negligence based on the breach of just such a duty. Specifically, it alleged that when plaintiff was being transported from the center to the playground, and was thus engaged in a "school activity," the School District,

> "through its agents and servants acting in its behalf, owed the duty of excercising due care and caution in providing, operating and utilizing adequate equipment, namely, the entrusted wheelchair and attached seat belt."

Count I further alleged that the District breached this duty when it

> "[c]arelessly and negligently failed to provide, operate and utilize adequate equipment, namely, the entrusted wheelchair and

seat belt, which would have prevented LARA BERTETTO from being thrown from the wheelchair at times and place pertinent hereto."

We believe that these allegations are sufficient to bring count I within the rule set forth in *Lynch v. Board of Education* (1980), 82 Ill. 2d 415, 412 N.E.2d 447, and that the circuit court therefore erred in dismissing count I for failure to state a cause of action.

■ The School District attempts to resist this conclusion by arguing that because the equipment alleged to be inadequate here, the wheelchair and seat belt, was supplied to the School District by plaintiff's parents, the District cannot be held liable. This argument must fail. The affirmative duty to furnish adequate equipment as set forth in *Lynch v. Board of Education* (1980), 82 Ill. 2d 415, 412 N.E.2d 447, belongs to the School District, not the parents. Accordingly, if the equipment supplied by parents is not adequate for a particular activity, we believe that the District must provide alternate equipment which is adequate. Unless the activity is one which is required to be provided pursuant to some other provision of the law, the District may, of course, also choose not to allow the student to participate in the activity. But in any case, the School District may not evade its duty by attempting to shift responsibility for providing adequate equipment to the parents of the children in its charge. To hold otherwise would reduce the *Lynch* rule to a nullity.

The School District also attempts to avoid application of the duty recognized in *Lynch* (82 Ill. 2d 415, 412 N.E.2d 447), by arguing that count I of plaintiff's amended complaint does not really allege that the equipment involved was defective at all. The District reads count I as alleging not that plaintiff was hurt because of any defect in the wheelchair or seat belt, but that she was injured simply because the seat belt in the wheelchair was not being used at the time of the accident. In the School District's view, this is tantamount to a claim of improper supervision, which would not be actionable.

The problem with this argument is that it ignores the express language of the complaint. As the text of count I quoted above indicates, plaintiff alleged not only that the School District had carelessly and negligently failed to utilize the wheelchair and seat belt, but also that it had carelessly and negligently "failed to provide *** adequate equipment," namely the wheelchair and seat belt. While it may turn out, following a trial on the merits, that the wheelchair and seat belt themselves were adequate and that the only problem was with the failure to properly secure plaintiff in the wheelchair with her seat belt, we have not yet reached that stage of the proceedings. At this

point we are concerned only with the sufficiency of the pleadings, and count I of those pleadings is sufficient to state a cause of action against the School District under *Lynch* (82 Ill. 2d 415, 412 N.E.2d 447). The dismissal of that count therefore constituted reversible error.

■ We likewise believe that the circuit court erred in dismissing count II of plaintiff's amended complaint, which alleged that the School District should be held liable based on wilful and wanton misconduct. In *Hadley v. Witt Unit School District 66* (1984), 123 Ill. App. 3d 19, 22, 462 N.E.2d 877, 880, this court reiterated the rule that

> "[a] wilful or wanton injury must have been intentional or the act must have been committed under circumstances exhibiting a reckless disregard for the safety of others, such as a failure, after knowledge of impending danger, to exercise ordinary care to prevent it or a failure to discover the danger through recklessness or carelessness when it could have been discovered by *** ordinary care."

Paragraph 2 of count II here alleged that plaintiff had a medical condition diagnosed as spinal muscle atrophy with scoliosis, that she was confined to a wheelchair, and that the School District knew of her condition. Paragraph 3 alleged that plaintiff's parents had told the District that when plaintiff was transported in her wheelchair the "seat belt provided therein must be fastened." Paragraph 4 alleged that one of plaintiff's classmates was permitted to push her wheelchair from the center to the playground across the street, and paragraph 5 alleged, *inter alia*, that the District allowed plaintiff to be moved from the school to the playground "without causing her to be secured *** in the wheelchair with the seat belt when it had knowledge, or through reckless and wanton conduct, failed to acquire knowledge that [plaintiff] was not secured with the seat belt." Count II further alleged that while plaintiff was being transported between the center and the playground, the wheels of her wheelchair struck a "crevice" in the surface of the passageway between those two locations "thereby throwing [her] with force and violence upon the pavement," and that the School District allowed plaintiff's wheelchair to pass over this "crevice" when it had knowledge, or through reckless and wanton conduct, failed to acquire knowledge as to the dangerous condition which that "crevice" presented. We believe that these allegations, if true, would establish such a "reckless disregard for the safety of others" as to constitute wilful and wanton misconduct within the meaning of *Hadley* (123 Ill. App. 3d 19, 462 N.E.2d 877).

■ We turn then to the propriety of the circuit court's order dismissing the City's second amended counterclaim for contribution. That amended counterclaim, like count II of plaintiff's amended complaint, is based on wilful and wanton misconduct, and the facts alleged in support of that claim are essentially the same as those contained in count II of plaintiff's amended complaint. The only difference in the substance of the pleadings is that the amended counterclaim does not make mention of the School District's failure to acquire knowledge as to the dangerous condition presented by the "crevice" in the passageway between the center and the playground. Instead, it focuses exclusively on the District's having allowed plaintiff to be pushed in her wheelchair from the center to the nearby playground by one of plaintiff's fellow students, a child of tender years, without having her seat belt fastened, even though the District knew of plaintiff's medical condition and that she was supposed to have her seat belt fastened whenever she was transported in her wheelchair. As with count II of plaintiff's amended complaint, we believe that these allegations sufficiently allege a cause of action for wilful and wanton misconduct. The circuit court therefore likewise erred in dismissing the City's second amended counterclaim.

For the foregoing reasons, the judgment of the circuit court of Randolph County dismissing with prejudice counts I and II of plaintiff's amended complaint and the City's second amended counterclaim is reversed, and this cause is remanded to the circuit court for further proceedings not inconsistent with the views expressed in this opinion.

Reversed and remanded.

RARICK and GOLDENHERSH, JJ., concur.